JOHN BRISTON SULLIVAN, trustee, *vs.* CHARLES RIVER YACHT CLUB. July 2, 1968. This is a bill in equity by the trustee under a declaration of trust dated March 14, 1958. The bill alleges that since March 17, 1958, the plaintiff has been the owner of certain land, formerly flats beneath the waters of that part of the Charles River in Cambridge known as the Charles River Basin; and that the defendant has erected on the plaintiff's property piling, floats and structures which the plaintiff seeks to have removed. The plaintiff appeals from a final decree dismissing the bill. The evidence is reported, but the judge filed no report of the material facts found by him. There was no error. The plaintiff tried to trace his title to one Joseph Sargent who had "some interest," not more fully described, in the submerged premises from December 6, 1909, to June 24, 1910. To carry back title to an earlier date, the plaintiff cites *Crocker* v. *Champlin*, 202 Mass. 437, 440 (decided June 1, 1909), where it was said that the plaintiffs were "the owners of many acres of flats in the Charles River," and that their "title . . . to the flats is under the Colonial Ordinance of 1647." It was stipulated that the land in the case at bar is part of the land involved in the *Crocker* case. There is nothing to show that the owners in that case ever conveyed this interest to Sargent, or that Sargent owned a fee simple, or that his ownership extended back in an unbroken chain to the Colonial Ordinance of 1647.

*Decree affirmed with costs of appeal.*

The case was submitted on briefs.
*Paul J. Cronin & Edward M. Viola* for the plaintiff.
*James A. Jack* for the defendant.

COMMONWEALTH *vs.* JAMES W. RICHARDSON. October 30, 1968. The defendant was convicted of armed robbery. His bill of exceptions fails to show error. He contends that the judge erred when, charging on the issue of alibi, he read from Chief Justice Shaw's opinion in *Commonwealth* v. *Webster*, 5 Cush. 295, 319 (1850), and described him as "one of the great chief justices of the Supreme Court of this Commonwealth." Only this fragment of the charge, lifted from the context, is included in the bill of exceptions. The impression created by the charge as a whole is the test. *Commonwealth* v. *Aronson*, 330 Mass. 453, 457. *Commonwealth* v. *Greenberg*, 339 Mass. 557, 585. *Commonwealth* v. *Sullivan*, *ante*, 598, 607. There was no error in denying the defendant's motion to poll the jury. *Commonwealth* v. *Roby*, 12 Pick. 496, 512–515. *Commonwealth* v. *Costley*, 118 Mass. 1, 28. *Commonwealth* v. *Goldenberg*, 338 Mass. 377, 386. He does not argue that he had an absolute right, but merely that it was a matter of discretion. In order to show error, he relies upon numerous alleged facts which are not in the record and which we, therefore, cannot consider. There was no abuse of discretion.

*Exceptions overruled.*

*Lester M. Gold* for the defendant.
*Foster Furcolo*, Assistant District Attorney (*Ruth I. Abrams*, Assistant District Attorney, with him), for the Commonwealth.