COMMONWEALTH *vs.* JAMES W. RICHARDSON.

Middlesex. January 3, 1972. — April 26, 1972.

Present: CUTTER, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Practice, Criminal,* Exceptions: failure to save exception; New trial; Deliberation of jury.

There was no abuse of discretion and no error in denial of the defendant's motion for a new trial of an indictment for armed robbery based on admission of evidence of an alleged tainted pre-trial identification at the defendant's trial where it appeared from the record that the defendant did not ask for a voir dire and did not object or except to the admission of such evidence, but attempted to raise the issue on a motion for a directed verdict after the close of the evidence. [663]

When in an armed robbery case the jury were recalled to the court room at 11:14 P.M., about twelve hours after retiring to consider the case, there was no error or abuse of discretion in the trial judge's reading to the jury the charge approved in *Commonwealth* v. *Tuey,* 8 Cush. 1, although he omitted the portion of the *Tuey* charge relating to the burden of proof. [663–664]

INDICTMENT found and returned in the Superior Court on February 10, 1967.

The case was tried before *Spring,* J.

*Thomas G. Dignan, Jr.,* for the defendant.

*Terence M. Troyer,* Assistant District Attorney, for the Commonwealth.

REARDON, J. The defendant is before us on a substitute bill of exceptions to the denial of his motion for a new trial and suppression of evidence and to the refusal of requests for rulings of law. He had been charged with armed robbery. A first trial held on that charge on September 12, 1967, ended in a mistrial when the jury were unable to arrive at a verdict. On a second trial, on November 8, 1967, he was found guilty and sentenced to the Correctional Institution at Walpole for a term of twelve to twenty years. On October 30, 1968, in *Commonwealth* v. *Richardson,* 354 Mass. 773, we overruled his exceptions taken at the second trial. Thereafter he petitioned for a writ of habeas corpus in the United States District Court. A motion to dismiss the petition was granted on May 26, 1969, on the ground that he had failed to exhaust his State court remedies.

On December 10, 1970, he filed in the Superior Court his motion for a new trial and suppression of evidence. At the hearing on this motion five exhibits were introduced without objection. These included the transcripts of the defendant's probable cause hearing and of his two trials, as well as an affidavit by a Commonwealth witness and a letter from the defendant to his attorney. At the hearing he also filed the requests for rulings of law.

We first reiterate what we have very recently said in *Commonwealth* v. *McGrath, ante,* 431. Here we were asked to review in toto transcripts of three hearings,

and here again there is a failure to comply with the requirements of G. L. c. 231, § 113, as amended by St. 1945, c. 328. This statement should serve to reëmphasize our adverse views concerning bills which do not comply with the statute and, by incorporation of entire transcripts, place an unnecessary, heavy burden upon a busy court.

1. The defendant bases his argument largely on an alleged tainted pre-trial identification. There was no request for a voir dire hearing or objection to the introduction of the evidence. As in the case of *Commonwealth* v. *Underwood,* 358 Mass. 506, 510–511, the defendant is attempting to raise now on a motion for a new trial questions which he might have raised but did not present at his trial. In that circumstance, while the judge may in his discretion consider such questions on the motion, in this instance he did not do so. As in the *Underwood* case, denial of the motion without explanation indicates no intention on his part "to exercise his discretion in favor of considering such questions." *Commonwealth* v. *Venuti,* 315 Mass. 255, 261–262. The disposition of the defendant's contention here is governed by what we had to say in *Commonwealth* v. *Underwood,* 358 Mass. 506, 511–512.

The language in the *Underwood* case equally applies to the defendant's contention raising the issue of the propriety of the eyewitness testimony by a motion for a directed verdict after the defence rested its case. We repeat that there had been no request for a voir dire or objection upon introduction of the evidence. Orderly procedure and fairness do not admit of delay in raising such questions until after the Commonwealth has rested. See *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 24.

2. The defendant complains that the court erred in giving a *Tuey* charge to a tired jury late at night. On November 8, 1967, the jury retired at 11:10 A.M. to deliberate the case. At 11:14 P.M. on that day they were recalled to the court room where the judge read to the jury substantially verbatim the charge approved in *Commonwealth* v. *Tuey,* 8 Cush. 1, 2–3. The jury returned their

verdict at 12:20 A.M. the following day.  In *Commonwealth* v. *Rollins*, 354 Mass. 630, 636–639, we upheld the reading of that charge although the judge omitted, as in the present case, the portion relating to the burden of proof.  In the *Rollins* case the jury had deliberated somewhat over five hours before they were recalled.  In the instant case the deliberations had consumed twelve hours.  There was a substantial reason for reading the charge at some time, although (considering the hour) it might have been better judgment to have allowed the jury to suspend deliberations until the morning.  What the judge did, however, was within his discretion.  In the circumstances of this case there was no error in the reading of the *Tuey* charge.

3. We refrain from discussion of both the defendant's objections to the denial of his request to poll the jury after the return of the verdict and of his complaint as to the charge to the jury on the defence of alibi.  We discussed these two complaints in *Commonwealth* v. *Richardson*, 354 Mass. 773, and we see no need to treat them again.

4. On the record of this case as a whole we cannot say that justice has not been done and that a new trial should be granted.

*Exceptions overruled.*