COMMONWEALTH *vs.* OWEN M. McCANTS.

Suffolk.    October 14, 1975. — December 3, 1975.

Present: HALE, C.J., GOODMAN, & ARMSTRONG, JJ.

*Evidence,* Photograph.    *Practice, Criminal,* Examination of jurors.

At a criminal trial, after defense counsel had attacked testimony concerning the victim's identification of the defendant from a police "mug shot," there was no error in admitting in evidence the "mug shot" of the defendant from which the identification had been made, where all marks indicating its source had been removed or concealed, and where the judge cautioned the jury to limit their consideration of the photograph to its use as evidence of the identification of the defendant. [597-598]

At the trial of a black man accused of the rape and robbery of a white woman, there was no error in the judge's refusal to ask prospective jurors four of nine questions requested by the defendant, where the five requested questions asked by the judge were adequate to reveal any racial prejudice. [598-599]

---

INDICTMENTS found and returned in the Superior Court on April 3, 1974.

The cases were tried before *Dwyer, J.*

The case was submitted on briefs.

*Margaret D. McGaughey* for the defendant.

*Richard I. Clayman,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.   After a trial held pursuant to the provisions of G. L. c. 278, §§ 33A-33G, the defendant was found guilty on indictments charging him with armed robbery and rape.

The case is before us on two assignments of error. The first concerns the admission in evidence of a "mug shot" type of photograph of the defendant. The second concerns the refusal of the trial judge to propound certain questions on the jury voir dire. A recitation of the facts is unnecessary to the resolution of the issues.

1. The defendant contends that the admission of such a photograph indicated to the jury that the defendant had been involved in criminal activity prior to the events upon which the indictments were based.

At the outset we note that the photograph was not introduced by the Commonwealth until after the victim had been cross-examined concerning her selection of the photograph from a set of photographs shown to her by a police detective. The photograph was offered during the course of a police officer's testimony describing the victim's selection of the photograph. At a bench conference held out of the hearing of the jury, the photograph was altered to leave only the full face and side views visible to the jury by cutting the identifying names and numbers from the bottom of the photograph and by blocking out the writing on the back by the application of a white opaque material. The defendant did not object to the means by which the photograph was altered, nor did he suggest the separation of the two views in the photograph and the submission of only the full face portion to the jury. See *Commonwealth* v. *Kelly,* 1 Mass. App. Ct. 441, 446-447 (1973). Immediately

following its admission and again in the charge the judge cautioned the members of the jury to limit their consideration of the photograph to its use as evidence of the identification of the defendant. The defendant contends that despite the alterations and instructions its prejudicial effect remained. There was no error.

While the Supreme Judicial Court has warned of the risk involved in the use of photographs of the double type used in this case and has branded such use as undesirable (*Commonwealth* v. *Gerald,* 356 Mass. 386, 388 [1969]), there has been no occasion on which any appellate court of this Commonwealth has reversed a conviction because of such use. The facts in this case viewed as a whole furnish no reason for reversal. Apart from the presentation of front and side views, the photographs were sanitized so that nothing appeared in them which would imply that the defendant had a prior criminal record. Their use by the Commonwealth was occasioned by the defendant's attack on the victim's identification of the defendant. The manner of introduction of the photographs at the trial was designed to avoid as much as possible any indication to the jury of the source or the implications of the photographs. See *United States* v. *Harrington,* 490 F. 2d 487, 494 (2d Cir. 1973).

Finally, the judge's prompt and clear instructions, in our opinion, were sufficient to guide the jury away from giving the photographs any effect other than as corroborative evidence of identification.

2. There was no error in the judge's refusal to ask four of nine questions which the defendant requested the judge to ask the prospective jurors. The questions were designed to elicit possible prejudice against the defendant who was black and who stood accused of raping and robbing a white woman. The five requested questions asked by the judge were fully adequate to reveal any racial prejudice. Even assuming arguendo that *Ham* v. *South Carolina,* 409 U. S. 524 (1973), applies to this type of situation, there is no requirement that questions be put in any particular form or that any particular requested number of questions be asked. It is enough, as here, that the questions "appear suf-

ficient to focus the attention of prospective jurors on any racial prejudice they might entertain." 409 U. S. at 527. See *Commonwealth* v. *Lumley*, 367 Mass. 213, 217 (1975); *Commonwealth* v. *Harrison*, 368 Mass. 366, 368-374 (1975).

*Judgments affirmed.*