COMMONWEALTH *vs.* RICHARD P. WASHBURN.

Suffolk.    October 15, 1976. — March 15, 1977.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Evidence,* Photograph, Lighting conditions, View, Judicial discretion. *Practice, Criminal,* Sequestration of witnesses, View.

At a criminal trial, there was no error in the admission of a "mug shot" of the defendant from which a witness had identified him where defense counsel had attacked the photographic identification on cross-examination of the witness and where writing on the "mug shot" had been properly obscured. [196-197]

A judge at a criminal trial did not err in excepting the police officer in charge of the investigation from an order sequestering other witnesses. [197-198]

At the trial of a defendant charged with breaking and entering a dwelling house in the nighttime with intent to commit larceny, the judge did not abuse his discretion in denying the defendant's request for an evening view of the scene. [198]

Where a defendant charged with breaking and entering a dwelling

house in the nighttime with intent to commit larceny was given great latitude in exploring the lighting conditions with an expert witness, the judge did not err in excluding a question to the witness to "rate" the amount of light on a scale from "zero total blackness [to] a hundred bright sunlight." [198]

INDICTMENT found and returned in the Superior Court on September 9, 1975.

The case was tried before *Tamburello,* J.

*Norman J. Kaplan* (*Andrew C. Meyer, Jr.,* with him) for the defendant.

*John W. Gibbons,* Assistant District Attorney, for the Commonwealth.

GOODMAN, J.   This is an appeal (G. L. c. 278, §§ 33A-33G) from a conviction on an indictment charging the defendant with breaking and entering into a dwelling house in the nighttime with intent to commit larceny. The burglary occurred sometime between 3:30 A.M. and 4:00 A.M. on July 16, 1975. The defendant makes four contentions; there was no error.

1. *The mug shot.*   At the trial the victim testified that on July 17, the day following the burglary, she went to the police station where she looked at a large number of photographs. She picked out two photographs of the defendant. About fifteen or twenty minutes later the defendant was brought to the police station where she identified him.[1]

The trial judge properly overruled the defendant's objection to the admission of the mug shot of the defendant. The prosecuting attorney did not offer the photograph gratuitously. He quite properly refrained from introducing it during the direct examination of the victim, when he

---

[1] This identification was suppressed as a result of a pretrial hearing on a motion to suppress. See *Commonwealth* v. *Guillory,* 356 Mass. 591, 592-594 (1970). The motion had sought to suppress the station house identification and the proposed in-court identification which the defendant claimed would be tainted thereby. When the court refused to suppress the in-court identification (holding that it was independent of the station house identification) the defendant's counsel chose to place the station house identification before the jury as a means of attacking the in-court identification. The defendant does not argue the denial of his motion to suppress in any respect.

elicited the details of the photographic identification. At that time it was of minimum significance as corroboration. However, the defendant on cross-examination and recross-examination of the victim attempted to cast doubt on the photographic identification. Thus, he elicited that she was not "positive" that the two pictures she identified were identical (though she said that she knew it was the same person). Further, the defendant sought to elicit that the victim's station house identification of the defendant, made shortly after the photographic identification, was uncertain. At that point (on redirect examination) the trial judge could have found that the admission of a mug shot as corroboration was justified. *Commonwealth* v. *McCants*, 3 Mass. App. Ct. 596, 597-598 (1975). Compare *Commonwealth* v. *Kelly*, 1 Mass. App. Ct. 441, 446-447 (1973).

Moreover, the photograph was sanitized; our examination of the exhibit indicates that the tape which was placed over portions of the front and back was adequate to mask the writing underneath. *Commonwealth* v. *McCants, supra*, at 598. Also, the trial judge forcefully instructed the jury that the mug shot was to be considered solely for its corroborative value. *Id.* While it would have been preferable to have affixed the tape outside the presence of the jury, the failure to do so in this case appears to have been inadvertent and in any event does not seem to us sufficiently significant to require reversal. Cf. *United States* v. *Harrington*, 490 F. 2d 487, 495-496 (2d Cir. 1973).

2. *Sequestration.* Pursuant to the defendant's motion made prior to the pretrial hearing on the motion to suppress the trial judge sequestered all witnesses, both at the pretrial hearing and at the trial, except Detective Manfra who, it was undisputed, was the "officer in charge of the investigation." "There is no error in such an exception from sequestration if the prospective witness, as the judge impliedly found, is essential to the management of the case." *Commonwealth* v. *Therrien*, 359 Mass. 500, 508 (1971). *Commonwealth* v. *Clark*, 3 Mass. App. Ct. 481, 485 (1975). We note as to the pretrial hearing that the

investigating officer testified first so that his subsequent presence at that hearing became immaterial.

3. *The view.*  The defendant asked for an evening view, primarily to indicate to the jury the lighting conditions at the scene. The trial judge might well have thought that lighting conditions on an evening in December, when the trial was held, would be valueless or even misleading in assessing the lighting conditions at 3:30 A.M. to 4:00 A.M. the previous July, when the burglary occurred. In any event, the defendant was given great latitude in exploring the lighting conditions. He states in his brief that "Dr. Ward [the defendant's expert] recreated, as nearly as possible, the factors which contributed to the lighting conditions as had been described by ... [the victim]. This testimony was allowed by the trial judge." No abuse of discretion has been shown. G. L. c. 234, § 35. *Commonwealth* v. *McGaffigan*, 352 Mass. 332, 336 (1967). Compare *Commonwealth* v. *DiMarzo*, 364 Mass. 669, 673 (1974); *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 708-709 (1974).

4. *The excluded question.*  There was no error. The question, asking a witness to "rate" the amount of light on a scale from "zero total blackness [to] a hundred bright sunlight," might well have been excluded because in that form the trial judge thought the jury would be more confused than helped. It is clear that the judge did not foreclose the witness's detailed description of lighting conditions, and, as indicated above, the defendant was given broad latitude in that regard.

*Judgment affirmed.*