COMMONWEALTH *vs.* LEONARD G. COPELAND. October 21, 1977. The defendant appeals, G. L. c. 278, §§ 33A-33G, from convictions on three indictments, tried together with indictments against two others, not now before this court, who were also convicted. The defendant argues two assignments of error. We affirm the judgments of conviction.

1. The defendant sought, after the Commonwealth's case and again

after the other two defendants had rested, to introduce in evidence a hospital record (G. L. c. 233, § 79, as amended through St. 1974, c. 225), indicating that the defendant had, nearly a month before the robbery, been shot in his right shoulder, making an entrance and an exit wound. The hospital record of the defendant's visit on October 17, 1975, the day after the robbery, contained the following notation under "physical examination": "GSW r. shoulder, some granulation but persistent purulent drainage. No swelling or cellulitis." The defendant's purpose was to show an impairment of his right arm inconsistent with his activities during the robbery as described by the victims — carrying a shotgun while pushing and shoving the victims, searching them, pushing aside a wine rack, scooping up money, etc. — and thus to cast doubt on their identifications of the defendant. This was obviously a legitimate purpose, and if material to that purpose, the admission of the record was required (*Commonwealth* v. *West,* 312 Mass. 438, 440-441 [1942]; *Commonwealth* v. *Franklin,* 366 Mass. 284, 288-290 [1974]) — even though it did not state in so many words that there was an impairment of the arm, the basis for exclusion given by the trial judge. Here, however, there was no lay testimony as to the condition of the defendant's arm, of which the record might have been corroborative; nor was there any medical expert prepared to testify on the basis of or in addition to the record. An argument to the jury based on the bare hospital record would in this case have been only an appeal to speculation and conjecture. Apart from such speculation, the evidentiary weight of the record was so slight as to make its exclusion insignificant.

2. The defendant introduced in evidence an array of mug shots from which two of the victims had identified the defendant and which, as unobjected to testimony indicated, were taken from police files. The judge properly denied the defendant's request that the front and side views, which made up each of the mug shots, be separated so that he might show the jury only the front view of each photograph. The defendant's purpose was to attack the photographic identifications by the victims on the ground that they were based on a suggestive array. Whatever suggestiveness or lack of suggestiveness there was in the array inhered in the total array as shown to the victims, and a fair assessment by the jury of its suggestiveness required that it be shown to them without modification. (The photographs were otherwise sanitized.) *Commonwealth* v. *McCants,* 3 Mass. App. Ct. 596, 597-598 (1975).

*Judgments affirmed.*

*Walter Boldys* (*Dennis J. LaCroix* with him) for the defendant.
*Daniel Englestein,* Assistant District Attorney, for the Commonwealth.