COMMONWEALTH *vs.* JESSE MANIGAULT.

Suffolk.   May 9, 1978. — August 7, 1978.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Evidence,* Photograph, Other offense. *Practice, Criminal,* Mistrial, Deliberation of jury, Instructions to jury.

At a criminal trial, the admission in evidence of a "mugshot" album from which the victims had selected the defendant's photograph was not so prejudicial as to constitute reversible error where defense counsel had placed the reliability of the victims' identification of the defendant in question and where any impact resulting from the introduction of the album was merely cumulative of previous unchallenged testimony to the effect that the victims had selected the defendant's photograph from a book of mugshots. [547]

At a criminal trial, the judge did not err in allowing a court clerk to testify that the defendant had been present in court on two days on which an alibi witness had testified he was in her home. [548]

At a criminal trial, the judge did not err in denying the defendant's motion to strike from evidence an album from which the victims had selected the defendant's photograph where a detective's testimony that photographs might have been added to or taken away from the album in the interval since the victims' identification went to the weight of the evidence rather than to its admissibility. [548]

At a criminal trial, the judge did not err in refusing to declare a mistrial or in reading verbatim the jury charge approved in *Commonwealth* v. *Rodriquez,* 364 Mass. 87 (1973), after the jury informed him they were deadlocked following a deliberation of slightly less than three hours. [549]

INDICTMENTS found and returned in the Superior Court on March 18, 1977.

The cases were tried before *Garrity,* J.

*Willie J. Davis* for the defendant.

*Stephen M. Needle,* Assistant District Attorney, for the Commonwealth.

HALE, C.J. The defendant was indicted for the armed robbery of two persons in the Washington Street subway station. He was convicted on those charges after a jury trial held subject to G. L. c. 278, §§ 33A–33G, in the Superior Court and has appealed. He assigns as error the judge's admission of certain evidence at trial and the judge's supplemental charge to the jury.

At trial the Commonwealth presented the testimony of the two victims that at about 12:05 A.M. on February 17, 1977, while they sat together on a bench awaiting a train in the Washington Street subway station they were confronted by two black males. One of the men, identified in court by both victims as the defendant, brandished a long-bladed knife. He spoke with the victims for several minutes, demanding that they hand over money. With the assistance of his companion, whom the victims were later unable to identify, the defendant took both cash and jewelry from the victims. The defendant then ordered the victims not to report the robbery to the police, and he and his companion left the subway station. A train subsequently pulled into the station, and the victims reported the robbery to employees of the Massachusetts Bay Transportation Authority (MBTA).

The next morning two MBTA police officers went to the victims' homes. The officers asked each victim to look through an album of photographs. In the course of looking through the album both victims independently pointed out a photograph of the defendant and identified him as the man who had robbed them. The defendant was subsequently arrested on charges of armed robbery.

After the victim testified on direct examination, the defendant's attorney cross-examined them closely as to whether they had had an opportunity to observe the appearance of the two robbers, as to whether their first descriptions of the robbers to the police had contained certain inaccuracies and omissions, and as to whether their pretrial confrontations with the defendant had been conducted in a suggestive manner. The Commonwealth

then called an MBTA detective to the stand. The detective testified that he had been present when the victims had selected the defendant's photograph on the morning after the robbery. The prosecutor then asked the detective to describe those features that were common to all the photographs contained within the album which he had shown to the victims. The defendant's attorney objected, and the question was excluded. The prosecutor then offered the entire album, and it was admitted in evidence over the defendant's objection and exception. The album contained mugshots of approximately 288 black males.

The defendant contends that the introduction of the album in evidence was improper because the jury were permitted to observe that his photograph was included therein, and they may have inferred from that fact that he had previously been involved in criminal activity. He claims that admission of this evidence was in violation of his right to due process because it allowed the jury to consider his prior criminal involvement against him without any proof of such involvement having been properly admitted in evidence. While we agree that the judge should have excluded the album from evidence, we consider that the effect of the error was not so prejudicial as to require reversal of the defendant's conviction.

When the defendant's attorney by his cross-examination placed the reliability of the victims' identification of the defendant in question, the Commonwealth had a major interest in fortifying its case with evidence that soon after the robbery the victims had selected the defendant's photograph under circumstances which indicated that their identification of him was reliable. *Commonwealth* v. *Torres,* 367 Mass. 737, 738–739 (1975). *Commonwealth* v. *McCants,* 3 Mass. App. Ct. 596, 597 (1975). *United States* v. *Fosher,* 568 F.2d 207, 215 (1st Cir. 1978). The case against the defendant rested entirely upon the victims' identification testimony. In reaching their verdict the jury would be required to weigh the reliability of that

testimony against the credibility of the defendant's alibi witnesses.

The victims' testimony that they had selected the defendant's photograph from a collection of photographs presented to them by police officers necessarily implied to the jury that a mugshot of the defendant existed prior to his arrest on the present charges. See *Commonwealth* v. *Gibson*, 357 Mass. 45, 48–49, cert. denied, 400 U.S. 837 (1970). Use in evidence of such a preexisting mugshot creates the risk that the jury will infer that the defendant has a prior criminal record. *Commonwealth* v. *Gerald*, 356 Mass. 386, 388 (1969). The judge should carefully control any references to or use of that evidence so as to lessen any prejudicial impact that might result therefrom. See *Commonwealth* v. *Nassar*, 351 Mass. 37, 43 (1966); *Commonwealth* v. *Marini*, 375 Mass. 510, 512 n.3 (1978); *Commonwealth* v. *Washburn*, 5 Mass. App. Ct. 195, 197 (1977). Accordingly, if a defendant's mugshot is to be placed in evidence by the Commonwealth, it should be introduced in a form in which it is not identifiable as a police picture, and no reference should be made in the presence of the jury to the files from which it was taken. *Commonwealth* v. *Gerald, supra. Commonwealth* v. *Cobb*, 374 Mass. 514, 522 (1978). See also *United States* v. *Fosher, supra.*

While it would have been appropriate in this case to introduce a sanitized copy of the mugshot which had been selected by the victims, the introduction of the entire album clearly violated the protective standards outlined above. In the form that it was introduced, the defendant's photograph was readily identifiable as a police picture. The defendant might be entitled to reversal of his convictions due to this failure to employ appropriate protective steps in the introduction of the album, were it not for certain testimony which was earlier presented at trial.

On two occasions prior to the introduction of the album there had been testimony, admitted without objection or motion to strike, that the victims had selected the defend-

ant's photograph from a group of mugshots.[1] When the prosecutor asked one of the victims what the police officers had shown to him on the morning after the robbery the victim stated that he had been shown mugshots. Also, when an MBTA detective was asked by the prosecutor to identify the album which he had "on the podium there," he stated, "This is book no. 1 of arrested colored males that we have." He then testified that it was the same "photographic album" from which one of the victims had selected the defendant's photograph. The victims also testified that the photograph of the defendant had been selected from an album.

Any impact resulting from the introduction of the album itself was merely cumulative of that of the previous unchallenged testimony to the effect that the victims had selected the defendant's mugshot from an album containing photographs of "arrested colored males." See *Commonwealth* v. *Izzo*, 359 Mass. 39, 43 (1971); *Commonwealth* v. *Dinnall*, 366 Mass. 165, 169 (1974); *Commonwealth* v. *Kelly*, 1 Mass. App. Ct. 441, 447 (1973). It added no information regarding the defendant's prior criminal involvement which the jury had not already received. We note that the judge forcefully instructed the jury in his general charge not to draw any inference against the defendant from the fact that his photograph was included in the album. See *Commonwealth* v. *Gibson*, 357 Mass. at 48–49; *Commonwealth* v. *Lacy*, 371 Mass. 363, 365 (1976); *Commonwealth* v. *McCants*, 3 Mass. App. Ct. at 598. In the circumstances, the introduction of the album does not require the reversal of the defendant's convictions.

---

[1] The defendant has assigned error in the judge's denial of his motion for a mistrial based on the statement of one of the victims that he had looked at "mugshots." However, there is no indication in the record that the prosecutor either expected or directed the jury's attention to that response. The defendant's attorney did not move to strike the victim's statement. See *Commonwealth* v. *Welosky*, 276 Mass. 398, 417, cert. denied, 284 U.S. 684 (1931). His motion for a mistrial was brought a considerable time after the admission of the testimony. Under the circumstances the judge did not abuse his discretion in denying the motion for a mistrial.

The defendant's remaining assignments of error merit little discussion. The judge did not abuse his discretion in denying the defendant's motion for a mistrial based on the alleged prejudicial impact of testimony by an assistant clerk who worked in the office of the Clerk of the Superior Court for Criminal Business in Suffolk County. The assistant clerk's testimony that the defendant had been present in court on the fourteenth and fifteenth of February, 1977, was offered by the Commonwealth to impeach the credibility of one of the defendant's alibi witnesses, who had earlier testified that the defendant had spent the entirety of every day during the week of February 17, 1977, in her apartment. The assistant clerk's reference to court proceedings revealed neither the defendant's role in nor the outcome of those proceedings. The judge could properly have found that the probative value of the testimony would substantially outweigh the possibility that prejudice might accrue to the defendant from an unexplained general reference to his being in court on prior occasions. *Commonwealth* v. *Deschamps*, 1 Mass. App. Ct. 1, 3 (1972). See *Commonwealth* v. *Campbell*, 371 Mass. 40, 43 (1976).

The judge properly rejected the defendant's motion to strike the album from which the victims had selected the defendant's photograph. In that motion the defendant claimed that the Commonwealth had failed to establish a sufficient chain of custody with respect to the album. The MBTA detective had testified that the album offered in evidence was the same album that he had shown to the victims. He had stated that the album was usually kept in the detective office of the MBTA police department. The detective's testimony that photographs could possibly have been added to or taken away from the album without his knowledge during the interim between the victims' perusal of the album and the introduction of the album at trial goes to the weight of the evidence rather than to its admissibility. *Commonwealth* v. *White*, 353 Mass. 409, 419–420 (1967), cert. denied, 391 U.S. 968 (1968), and cases cited.

The judge did not err in refusing to declare a mistrial or in reading verbatim the jury charge approved in *Commonwealth* v. *Rodriquez,* 364 Mass. 87, 101–102 (1973), when the jury asked him for his suggestions after having informed him that they were deadlocked following a deliberation of slightly less than three hours. The facts and legal issues involved in this case were not complex. The judge properly exercised his discretion by resorting to the *Rodriquez* charge at that time. See *Commonwealth* v. *Bregnard,* 3 Mass. App. Ct. 489, 492–493 n.4 (1975), and cases cited.

*Judgments affirmed.*