COMMONWEALTH *vs.* FRANCIS L. CONNORS. April 1, 1982. The defendant appeals from convictions on several indictments arising out of the breaking and entering of a dwelling while armed with a dangerous weapon and the commission of an assault therein. Our review of the records reveals no basis for reversing the defendant's convictions. We treat the defendant's claims of error seriatim.

1. *The Judge's Supplementary Charge.*

(a) The defendant challenges the supplementary charge given to the jury in accordance with *Commonwealth* v. *Tuey*, 8 Cush. 1, 2-3 (1851), as modified by *Commonwealth* v. *Rodriquez*, 364 Mass. 87, 101-102 (1973). It was within the trial judge's discretion to read to the jury the charge approved in *Commonwealth* v. *Rodriquez, supra*, after they had deliberated nearly five hours (exclusive of lunch). See *Commonwealth* v. *Rollins*, 354 Mass. 630, 638 (1968); *Commonwealth* v. *Brunelle*, 361 Mass.

6, 12 (1972); *Commonwealth* v. *Richardson*, 361 Mass. 661, 664 (1972). The issues were not complicated. See *Commonwealth* v. *Manigault*, 6 Mass. App. Ct. 543, 549 (1978). "We perceive no special circumstances which made its use [at this juncture] inappropriate in the present case." *Commonwealth* v. *Brunelle, supra.* Nor can we say that as matter of law it was used "prematurely or without evident cause." *Commonwealth* v. *Rodriquez*, 364 Mass. at 100. See *Commonwealth* v. *Rollins, supra*; *United States* v. *Robinson*, 560 F.2d 507, 517 (2d Cir. 1977) (en banc), cert. denied, 435 U.S. 905 (1978). Contrast *United States* v. *Williams*, 447 F.2d 894, 898-900 (5th Cir. 1971).

(b) The jury deliberated for three hours after the first *Rodriquez* charge, and then suspended for the evening. Although it is not clear why the judge gave a second *Rodriquez* charge before deliberations began on the second day, "we do not find enough in the circumstances of its use here to render it coercive to the point of calling for reversal of the judgments." *Commonwealth* v. *Rodriquez*, 364 Mass. at 98. The Federal case cited by the defendant which holds that giving an *Allen*-type instruction more than once is per se reversible error (*United States* v. *Seawell*, 550 F.2d 1159, 1163 & n.8 [9th Cir. 1977], cert. denied, 439 U.S. 991 [1978]; but see *United States* v. *Robinson*, 560 F.2d at 517), is of limited persuasive force, as that case focuses on the *Tuey-Allen* charge (derived from *Commonwealth* v. *Tuey, supra*, and approved and adopted by the Federal courts in *Allen* v. *United States*, 164 U.S. 492, 501-502 [1896]), a charge in which the Supreme Judicial Court made certain emendations in the *Rodriquez* case in "the interests of the better administration of criminal justice." *Commonwealth* v. *Rodriquez, supra* at 98. The *Tuey-Allen* charge with the emendations effected by *Rodriquez* does not suffer from those impediments which some Federal courts have viewed as one-sided and unduly coercive. See, e.g., *United States* v. *Flannery*, 451 F.2d 880, 883 (1st Cir. 1971). In any event, we think the better approach in circumstances such as these is to require a case-by-case determination of coercion. See *United States* v. *Robinson*, 560 F.2d at 517; *United States* v. *Fossler*, 597 F.2d 478, 485 (5th Cir. 1979). Here, unlike the situation in most of our reported cases, the jury deliberated nearly five hours after receiving the *Rodriquez* charge, albeit for a second time. Compare *Commonwealth* v. *Brunelle*, 361 Mass. at 12 (the jury returned verdict in ten minutes); *Commonwealth* v. *Moore*, 359 Mass. 509, 516 (1971) (twenty-two minutes); *Commonwealth* v. *Richardson*, 361 Mass. at 663-664 (slightly more than an hour); *Commonwealth* v. *Bregnard*, 3 Mass. App. Ct. 489, 492 n.4 (1975) (ten minutes). Compare also *United States* v. *Fossler, supra* (one hour). In these circumstances we are unable to conclude that the second *Rodriquez* instruction had an undue coercive effect. See *United States* v. *Robinson, supra* at 517-518 ("the fact that the jury deliberated for three hours between the *Allen*-type charges and for more than four hours after the second such charge before reaching its verdict

are strong indications that the effect of the charge was minimal"); *United States* v. *Beattie*, 613 F.2d 762, 765-766 (9th Cir.) cert. denied, 446 U.S. 982 (1980).

(c) After the second *Rodriquez* charge the judge injected certain clichés and personal reflections on the jury process. The defendant claims that these extraneous remarks were unfairly prejudicial. We disagree. In our opinion, these comments, which would have been apt at a Rotary Club meeting, amounted to no more than harmless verbiage. Although we recognize that the judge's remarks were "inappropriate and far better left unsaid," we are unable to conclude that the "folksy" comments and expressions used by the judge here manifested "any indication of judicial bias." *Commonwealth* v. *Rollins*, 354 Mass. at 638. Contrast *United States* v. *Amaya*, 509 F.2d 8, 11-12 (5th Cir. 1975) (judicially added "nuances . . . [were] beyond the allowable perimeters of jury instruction"). Nor do we believe they tended to subtly coerce the jury to render a hasty or unfair verdict. Compare *United States* v. *Flannery*, 451 F.2d at 883. "While . . . [loose] language may run the risk of appellate disapproval, much must be left to the discretion of the trial judge . . . ." *Commonwealth* v. *Rollins, supra*. Here, the judge's remarks were innocuous compared to the statements criticized in *Commonwealth* v. *Pleasant*, 366 Mass. 100, 105 (1974), and *Commonwealth* v. *Brown*, 367 Mass. 24, 31 (1975).

2. *The Judge's Other Supplemental Instructions*.

(a) The judge properly could refuse to instruct the jury on the offense of assault by means of a dangerous weapon (G. L. c. 265, § 15B). The defendant was indicted for the offense of assault with intent to murder while armed with a dangerous weapon (G. L. c. 265, § 18). In determining whether an instruction on a lesser included offense is required, a judge must look to see "if both [offenses] may be proved by the same facts." *Salemme* v. *Commonwealth*, 370 Mass. 421, 423 (1976). See also *Commonwealth* v. *Crocker*, 384 Mass. 353, 357-358 & n.6 (1981). As each of these offenses "required proof of at least one fact not required for proof of the other [offense]," *Salemme* v. *Commonwealth, supra* at 424, the former (§ 15B) is not a lesser included offense of the latter (§ 18). For a discussion of the distinctions between these two particular offenses, see *Commonwealth* v. *Burkett*, 5 Mass. App. Ct. 901, 903 (1977).

(b) The defendant claims that the judge impermissibly invaded the province of the jury when he responded to a request by them to clarify further the phrase "in the nighttime." The defendant argues (1) that this supplemental instruction in response to the jury's question was predicated on the hypothesis that the defendant "broke in" and (2) that the judge did not rehearse the defendant's alibi defense at that juncture. Passing the question whether the defendant's objection to this supplemental instruction was sufficiently specific to focus the judge's attention on the aspects now alleged to be erroneous, compare *Commonwealth* v. *McDuffee*, 379

Mass. 353, 357 & n.3 (1979); *Commonwealth* v. *Porter*, 384 Mass. 647, 655-656 (1981), we think that the instruction was neither unfairly prejudicial nor erroneous. "The judge's additional instructions, . . . although delivered after a period of jury deliberation, must be read in light of the entire charge. The judge in giving further instructions is not required to repeat all aspects of his prior charge." *Commonwealth* v. *Sellon*, 380 Mass. 220, 233-234 (1980). The judge's initial charge was fair and balanced. Viewing the charge in its entirety, as we must, we cannot say that the charge was biased in favor of conviction or that the judge "removed [an] essential element[ ] of the crime from the jury's consideration." *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 425 (1978). The defendant's reliance on *Commonwealth* v. *Rodriguez*, 6 Mass. App. Ct. 738, 742, 744 (1978), *S.C.* 378 Mass. 296 (1979), is misplaced, as that case is inapposite to the circumstances of this case.

3. *Exclusion of Three of the Witness's Prior Convictions.*

The defendant challenges the exclusion of three of the ten prior convictions of a witness for the Commonwealth. Although the judge on the state of the record before him properly could have concluded that the witness neither "had [n]or waived counsel in [three of] the proceedings certified by the record," *Commonwealth* v. *Boudreau*, 362 Mass. 378, 381-382 (1972), we are of opinion that the exclusion of three of the witness's ten proffered prior convictions could not in any event have been of any significance. These three convictions would have been merely cumulative, as none of them was any more serious than the seven that were used to impeach the witness. Cf. *Commonwealth* v. *Bertrand*, 385 Mass. 356, 368 (1982).

*Judgments affirmed.*

*John P. Courtney* for the defendant.

*John A. Kiernan*, Assistant District Attorney (*Robert A. Marra, Jr.*, Legal Assistant to the District Attorney, with him) for the Commonwealth.