In 1974, two Superior Court juries convicted the defendant of sexual assaults on three different victims. In the first case (the May convictions), the defendant was convicted of two counts of felony unnatural acts and two counts of armed robbery.[2] The defendant did not appeal. In the second case (the November convictions), he was convicted of rape and armed robbery. These judgments were affirmed on appeal. Commonwealth v. McCants, 3 Mass. App. Ct. 596 (1975). Approximately forty years later, the defendant filed motions for a new trial claiming, in relevant part, that (1) his May convictions of armed robbery should have been reduced by the trial judge because he was acquitted of the rape charges, and (2) he was denied his right to a pretrial conference. The motions were consolidated and a motion judge denied them in a written decision, reasoning that "both Motions fail to present a credible and adequate showing of any serious or substantial issue with these decades-old convictions for sexual and other crimes." The defendant challenges that ruling on appeal. We affirm.
Discussion. We review a judge's decision to deny a motion for a new trial "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Ellis, 475 Mass. 459, 476 (2016) (quotation omitted). The order denying a motion for new trial should not be reversed unless there is "an abuse of discretion that produces a manifestly unjust result." Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997).
The defendant first claims that he was entitled to a new trial for the May convictions because, in light of the acquittals on the rape charges, the trial judge should have reduced the armed robbery conviction to larceny and vacated the convictions of unnatural acts. The defendant argues that the not guilty verdicts on the rape charges meant the jury "believed there was no violence, just consensual sex," and therefore the jury could not have found force to support the robbery convictions. We disagree. The not guilty verdicts permit a conclusion that the jury decided the Commonwealth had not proved the elements of rape beyond a reasonable doubt-nothing more. The motion judge correctly concluded that the defendant's claim that the jury believed the "sex" was consensual was "pure speculation" without factual support. The denial of the motion on this basis was within the judge's broad discretion.
The defendant's second claim on appeal is that he was denied his right to be present at a pretrial conference. Although the defendant cites Mass.R.Crim.P. 11(a), as appearing in 442 Mass. 1509 (2004), in support of this proposition, the portion of the rule requiring a pretrial conference and requiring the defendant's presence at the pretrial conference did not exist at the time of his convictions. See Mass.R.Crim.P. 11, 378 Mass. 842, 862 (1979). Even accepting the defendant's contention that he was denied a right to attend a pretrial conference, he has failed to raise any substantial issue. He has provided no affidavit from trial counsel to support this claim, and the defendant's own affidavit does not suggest how his purported absence from the pretrial conference caused him prejudice. In sum, we discern no abuse of discretion, much less one that produced a manifestly unjust result. See Pingaro, supra.
Order denying motions for new trial affirmed.

The defendant was found not guilty on two counts of rape.