The case was submitted on the papers filed, accompanied by a memorandum of law.
RESCRIPT
**1022 The petitioner, Owen McCants, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.
In 1974, McCants was convicted of several crimes, including rape and armed robbery, in two different cases. In 2014, he filed a motion for a new trial in each of the *464 two cases. A judge in the trial court consolidated the motions and denied them. The Appeals Court affirmed the denial of the motions, and we subsequently denied McCants's application for further appellate review. See Commonwealth v. McCants, 92 Mass.App.Ct. 1116, 94 N.E.3d 881 (2017), S.C., 478 Mass. 1109, 102 N.E.3d 424 (2018). McCants then filed his G. L. c. 211, § 3, petition in the county court, raising essentially the same issues that he had raised in the Appeals Court. The single justice denied the petition without a hearing.
McCants has now filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Even though rule 2:21 does not apply in this situation, because McCants is not challenging any interlocutory ruling of the trial court, it is clear that he is not entitled to review pursuant to G. L. c. 211, § 3. He has already obtained appellate review of the denial of his consolidated motions for a new trial. To the extent that he raises certain additional issues in the G. L. c. 211, § 3, petition that he did not raise in any of the earlier proceedings in the trial court or the Appeals Court, there is no reason why he could not have done so in those proceedings. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001, 826 N.E.2d 199 (2005).
The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.
The petitioner named the Superior Court Department as the respondent. The court is a nominal party only. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).