The defendant was convicted of rape and armed robbery in November, 1974.[2] These judgments were affirmed on appeal in Commonwealth v. McCants, 3 Mass. App. Ct. 596 (1975). Approximately forty years later, the defendant filed a motion for a new trial. A judge denied the defendant's motion without a hearing, reasoning that the defendant failed "to present a credible and adequate showing of any serious or substantial issue with these decades-old convictions for sexual and other crimes." We affirm.
Discussion. Standard of review. We review a judge's decision to deny a motion for a new trial "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Ellis, 475 Mass. 459, 476 (2016), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986). "The choice of deciding the motion on the basis of affidavits or hearing oral testimony is left largely to the sound discretion of the judge." Fogarty v. Commonwealth, 406 Mass. 103, 110 (1989). The order denying a motion for a new trial should not be reversed unless there is "an abuse of discretion that produces a manifestly unjust result." Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997).
Analysis. The defendant's motion raised numerous claims of error. On appeal, he focuses on those claims related to (1) the ineffective assistance of trial and appellate counsel; (2) the defendant's absence from a pretrial conference; (3) the sufficiency of the evidence; and (4) the prosecutor's opening and closing arguments.[3] In addition, he claims that the motion judge abused her discretion by not holding an evidentiary hearing.
1. Ineffective assistance. The defendant claims that his trial and appellate counsel, in a variety of ways, provided him ineffective assistance. We review claims of ineffective assistance of counsel using the two-prong test outlined in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant bears the burden of establishing that counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer" and that such behavior has "likely deprived [him] of an otherwise available, substantial ground of defence." Commonwealth v. Pike, 53 Mass. App. Ct. 757, 760 (2002), quoting Saferian, 366 Mass. at 96.
Here, the defendant has failed to meet his burden of proof because he did not file an affidavit from his trial or appellate counsel explaining their strategies. Without such statements, we cannot conclude that either counsel's numerous alleged failures were "manifestly unreasonable" tactical decisions. Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006), quoting Commonwealth v. Adams, 374 Mass. 722, 728 (1978) ("A strategic or tactical decision by counsel will not be considered ineffective assistance unless that decision was 'manifestly unreasonable' when made"). Accordingly, "because there is no affidavit from trial [or appellate] counsel, the defendant's assertions about what counsel did not do is speculative and need not be considered." Commonwealth v. Rice, 441 Mass. 291, 304 (2004).
2. Waived arguments. The remaining arguments raised by the defendant concern his absence from a pretrial conference, the judge's failure to rule on a motion for a required finding of not guilty, and the prosecutor's opening and closing arguments. We note that "the trial judge correctly observed that these claims ... could have been raised through [direct appeal] and were not." Fogarty, 406 Mass. at 107. Therefore, they are waived. See Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001). Even if these claims were not waived, they are without merit, and thus there is no risk that justice miscarried. See Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002) (standard of review for unpreserved errors is substantial risk of miscarriage of justice).
First, the defendant argues that he was unlawfully absent from the May 2, 1974, pretrial conference. However, the portion of Mass. R. Crim. P. 11 (a), as appearing in 442 Mass. 1509 (2004), requiring the defendant's presence at a pretrial conference, did not exist at the time of the defendant's convictions. In any event, even under the modern rule, "[a] defendant need not be present ... at any proceeding where evidence is not to be taken." Mass. R. Crim. P. 18 (a) (3), 378 Mass. 888 (1979). Moreover, even accepting the defendant's contention that he was denied a right to attend a pretrial conference, he has failed to raise any substantial issue as there is no affidavit from trial counsel to support this claim.
Additionally, based on the limited record before us, it is unclear whether trial counsel ever filed a motion for a required finding of not guilty. In the defendant's brief, he frames his request for a required finding of not guilty as a request for a jury instruction made by trial counsel. We are not presented with any motion, or record thereof, that was filed by trial counsel. Therefore, the defendant's argument that the trial judge failed to rule on any such motion is without merit. Even if we consider the defendant's challenge to the sufficiency of the evidence, the defendant fares no better. The defendant's argument, insofar as we understand it, rests on the assertion that the Commonwealth's identification evidence did not outweigh the evidence presented by the defendant's alibi witnesses. As the weight and credibility of the evidence are factors solely within the province of the jury, the defendant's argument fails. See Commonwealth v. Dubois, 451 Mass. 20, 28 (2008) ("The weight and credibility of the evidence is the province of the jury").
Likewise, the defendant's claim that the prosecutor's opening and closing statements denied him a fair trial is unsupported. Prosecutors may "argue forcefully for the defendant's conviction." Commonwealth v. Wilson, 427 Mass. 336, 350 (1998). The jury are presumed to understand that a prosecutor is an advocate, id. at 352, and statements that are "[e]nthusiastic rhetoric, strong advocacy, and excusable hyperbole" will not require reversal, id. at 350.
3. Evidentiary hearing. "A judge is required to conduct an evidentiary hearing on a motion for a new trial only if a substantial issue is raised by the motion or affidavits." Commonwealth v. Torres, 469 Mass. 398, 402 (2014). See Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001). Here, the defendant's motion simply fails to raise a substantial issue. Accordingly, the judge did not abuse her discretion by denying the defendant's motion without an evidentiary hearing.
Order entered February 7, 2017, denying motion for new trial affirmed.

In May of that same year, the defendant was convicted of two counts of felony unnatural acts and two counts of armed robbery. We previously affirmed the order denying his motions for new trial in that case. See Commonwealth v. McCants, 92 Mass. App. Ct. 1116 (2017). The present appeal only concerns his November convictions.

The defendant also raises a claim based on the admission of his "mug shots" at trial. This issue was raised and addressed in his direct appeal. See Commonwealth v. McCants, 3 Mass. App. Ct. at 597-598. " '[A] motion for a new trial may not be used as a vehicle to compel a trial judge to review and reconsider questions of law' on which a defendant has had his day in an appellate court." Fogarty, 406 Mass. at 107, quoting Commonwealth v. McLaughlin, 364 Mass. 211, 229 (1973). Accordingly, we need not address this issue.