COMMONWEALTH *vs.* EDWIN TORRES ALICIA. July 21, 1978. 1. There was sufficient evidence to convict the defendant of being an accessory before the fact (G. L. c. 274, § 2) to the principal's possession of heroin with intent to distribute. The principal was arrested as she was about to hand a packet of heroin to the defendant, who was then also arrested. The jury could have inferred, from the testimony given by a police officer as to his observations and the admissions by the defendant, that the principal came carrying the heroin in response to a telephone call made by the defendant after his conversation with a potential customer. After the telephone call, the potential customer paid the defendant, who then motioned the customer to wait as the defendant went to meet the principal to get the heroin for distribution to the waiting customer. The police officer's evidence meets the requisite for conviction as an accessory for it manifestly permits the inference of "association [by the defendant] with the venture and . . . significant participation in it." *Commonwealth* v. *French*, 357 Mass. 356, 391-392 (1970), judgments vacated as to death penalty sub nom. *Limone* v. *Massachusetts*, 408 U.S. 936 (1972), citing among other cases *Commonwealth* v. *Stout*, 356 Mass. 237, 240-241 (1969); *Commonwealth* v. *Morrow*, 363 Mass. 601, 609 (1973). Contrast *Commonwealth* v. *Perry*, 357 Mass. 149, 151 (1970); *Morei* v. *United States*, 127 F.2d 827, 830-831 (6th Cir.

1942). The case of *United States* v. *Jackson*, 526 F.2d 1236 (5th Cir. 1976), on which the defendant relies, is distinguishable, and we do not need to determine whether we would follow it on its facts. In that case a conviction for being an accessory before the fact to the possession of cocaine with intent to distribute was reversed; the court pointed out that "[t]here was no participation by Jackson in the possession aspect of the transaction"; he had not helped obtain the cocaine, was not present at the actual sale and had not "exercised any measure of dominion or control over the contraband." In our case the jury could have inferred some measure of dominion or control over the heroin by the defendant since they could have found that the principal brought down the heroin at the defendant's telephoned direction and was about to hand it to him as they were arrested. See *Commonwealth* v. *Guerro*, 357 Mass. 741, 752-753 (1970); *Commonwealth* v. *Lee*, 2 Mass. App. Ct. 700, 704 (1974).

2. The charge to the jury adequately explained the elements of the crime of possession with intent to distribute and that the Commonwealth must prove that the defendant "intentionally assisted or helped to bring about the commission of the crime for which you must have found that she [the principal] was guilty." There was no error.

3. The Commonwealth concedes, as it must, that it was error under *Commonwealth* v. *Tilley*, 327 Mass. 540, 547-549 (1951), to admit in evidence the recorded guilty plea to the separate indictment charging the principal. It argues, however, that *Commonwealth* v. *Carr*, 373 Mass. 617 (1977), makes it unnecessary to follow the *Tilley* case. The *Carr* case at 622-623, adopts Rule 804(b) (3) of the Federal Rules of Evidence making admissible (subject to qualifications) declarations against penal interest by an unavailable declarant. We do not believe that we would be warranted in holding that the *Carr* case overrules the *Tilley* case. The rule in the *Tilley* case has constitutional dimensions. See *Kirby* v. *United States*, 174 U.S. 47 (1899), cited in the *Tilley* case; see also McCormick, Evidence § 318, at 739 (2d ed. 1972). And a guilty plea may be affected by the exigencies of plea bargaining rather than manifest an unequivocal admission of guilt. We think it is significant that the Federal Rules of Evidence see no inconsistency between Rule 804 (b) (3) and Rule 803 (22), which excepts from the admissibility of judgments of conviction a "judgment entered . . . upon a plea of guilty . . . when offered by the government in a criminal prosecution for purposes other than impeachment . . . ." Further, there is nothing in this case to indicate that the principal was unavailable, a requirement for admissibility under Rule 804 (b) (3).

4. While the evidence warranted a finding that the principal had committed the crime of possession with intent to distribute apart from the erroneously admitted plea of guilty, we cannot say that the error was harmless beyond a reasonable doubt — the criterion in this case since constitutional considerations are involved. Weighing the total evidence against the defendant and the inferences that were required to find him guilty, we cannot say that the Commonwealth has "prove[d] beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman* v. *California*, 386 U.S. 18, 24 (1967), quoted in *Commonwealth* v. *Marini*, 375 Mass. 510, 520–521 (1978). Nor can we say that the evidence was overwhelming and that the admission of the guilty plea was trivial or inconsequen-

tial. *Milton* v. *Wainwright*, 407 U.S. 371 (1972). *Commonwealth* v. *Marini, supra.*

> *Judgment reversed.*
> *Verdict set aside.*

*Carlos Lopez DeAzua* (*J. Russell Hodgden* with him) for the defendant.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.