## COMMONWEALTH vs. LAWRENCE KENNEALLY.

Barnstable.   December 3, 1980. — April 2, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Search and Seizure*, Warrant, Affidavit, Probable cause.

A warrant authorizing a search of certain described premises for "all" records and papers of an insurance agency was not a general warrant since it left nothing to the discretion of the executing officer. [270]

An affidavit in support of an application for a search warrant which recited that the defendant's insurance agency had received premium money, that policies paid for had not been received by the insureds, that a complaint by a named woman had resulted in serious allegations of a criminal nature, that the agency was not licensed to do business in the Commonwealth, that the agency had closed, and that a number of insurance papers had been observed in the defendant's trash established probable cause for the seizure of "all" the papers and records of the agency. [271]

INDICTMENTS found and returned in the Superior Court on March 21, 1978.

The cases were tried before *Foster*, J., a judge of the Boston Municipal Court Department sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*John P. Courtney* (*Thomas J. Herbert* with him) for the defendant.

*Michael B. Roitman* (*Roberta Brown*, Assistant Attorney General, with him) for the Commonwealth.

BRAUCHER, J.   In November, 1978, the defendant was convicted by a jury on nine indictments charging larceny of property worth more than $100 and on two charging larceny of property worth less than $100.   The charges arose out of a series of insurance transactions in 1977 between

Yankee Insurance Agency (Yankee), of which the defendant was the sole proprietor, and six customers. The Commonwealth's theory was that the defendant had committed larceny by false pretenses, obtaining money from the customers for premiums and either failing to apply for the policies ordered or applying for policies of lower value.

On appeal the Appeals Court held that the evidence was sufficient to warrant convictions on nine indictments but that judgments of acquittal should be entered on the other two. It upheld the seizure of records under a warrant, ordered a new trial on the remaining indictments because the judge's instructions to the jury had confused larceny by false pretenses with embezzlement, and upheld the denial of a motion to sever the indictments for trial. 10 Mass. App. Ct. 162 (1980). We granted the defendant's application for further appellate review, which sought review of the rulings on the search warrant, motions for directed verdicts as to two of the indictments, and the motion to sever. We discuss only the search warrant, since we agree with the opinion of the Appeals Court as to the other issues argued. As to the search warrant, we are in substantial agreement with the Appeals Court, but we think the breadth of the warrant calls for comment.

The search warrant, dated January 30, 1978, directed search of a third floor apartment in described premises in Whitman and seizure of "All records and papers of the Yankee Insurance Agency." Four boxes of documents were seized under the warrant. We agree with the Appeals Court that the warrant was not a "general warrant," since it left nothing to the discretion of the executing officer. "All" the records and papers was a broad but sufficiently particular description. See *United States* v. *Abrams,* 615 F.2d 541, 549 (1st Cir. 1980) (concurring opinion of Campbell, J.); *In re LaFayette Academy, Inc.,* 610 F.2d 1, 5-6 (1st Cir. 1979); *Commonwealth* v. *Accaputo,* 380 Mass. 435, 444-447 (1980); *Commonwealth* v. *Coco,* 354 Mass. 78, 80-81 (1968).

The question remains whether the affidavit supporting the application for the warrant disclosed probable cause for the seizure of "all" the papers. *Commonwealth* v. *Cefalo*, 381 Mass. 319, 328-330 (1980). The affidavit recited information received from two named investigators of the State Division of Insurance that Yankee, operated by the defendant at an address in East Sandwich, had received premium money, that policies paid for were not received by the insureds, that a complaint by a named woman had resulted in an investigation and serious allegations of a criminal nature, and that Yankee "is not licensed to do business in the Commonwealth of Massachusetts." It recited further that Yankee had closed on December 31, 1977, the defendant had told the investigators that he had all the records at his home in Whitman, and the son of the landlord in Sandwich had stated that the defendant had put a number of insurance papers in the trash.

It is clear that there was probable cause to search for and seize records relating to the insureds who had complained. The issuing magistrate could conclude that the defendant was concealing evidence of criminal activity and that there was a danger that evidence might be destroyed. Since the agency was closed, there was no disruption of its business. We need not decide whether an inference was warranted that there was a pattern of fraud against customers. *United States* v. *Brien*, 617 F.2d 299, 307-308 (1st Cir.), cert. denied, 446 U.S. 919 (1980). See *Andresen* v. *Maryland*, 427 U.S. 463, 480-481 n.10 (1976). In any event, there was probable cause to believe that Yankee was operating without a license and thus that everything it did was unlawful. G. L. c. 175, §§ 163, 166. Considering the facts disclosed in the investigation in the light of the absence of a license, we think there was probable cause to search for and seize "all" the records and papers of Yankee.

The judgments of the Superior Court are reversed. Judgments of acquittal are to be entered on indictments 38482 and 38483. Further proceedings are to be in accordance with the opinion of the Appeals Court.

*So ordered.*