COMMONWEALTH *vs.* MANUEL J. FERNANDES.

No. 90-P-893.

Plymouth. December 12, 1990. - March 26, 1991.

Present: SMITH, FINE, & PORADA, JJ.

*Practice, Criminal*, Plea, Disclosure of identity of informer, Comment by prosecutor, Instructions to jury, Examination of jurors. *Evidence*, Declaration against interest, Relevancy and materiality. *Search and Seizure*, Warrant, Affidavit, Probable cause. *Constitutional Law*, Search and seizure, Probable cause. *Probable Cause. Controlled Substances. Jury and Jurors.*

At the trial of indictments for trafficking in cocaine and other serious offenses, the judge did not err in excluding, as evidence of the defendant's innocence, his codefendant's plea colloquy and plea of guilty to the charge of possession of cocaine with intent to distribute, which evidence the defendant contended would have been admissible under the exception to the hearsay rule for admissions against penal interest, where the plea was clearly affected by the exigencies of the plea bargaining and the plea colloquy was not an unequivocal admission of guilt, and where the codefendant's plea was not inconsistent with the defendant's guilt. [337-339]

At a criminal trial the judge did not err in denying the defendant's motion for disclosure of the identity of the prosecution's informant, where the informant was neither an active participant in the crimes charged, nor the only nongovernment witness to the crimes. [339]

At the trial of indictments for trafficking in cocaine and other serious offenses, the judge did not err in denying the defendant's motion to suppress certain physical evidence either on the basis that it had been seized pursuant to an impermissible general warrant [339-341], or on grounds that the affidavit supporting the search warrant obtained by the police failed to establish the reliability and credibility of the government's informants, or that the information recited in the affidavit was stale [341-342].

At a criminal trial the judge did not abuse his discretion in relying on his instructions to the jury to preclude any potential prejudice to the defendant brought on by the prosecutor's examination of a witness and comments in closing argument, which allegedly reflected impermissibly upon the defendant's right not to testify and failure to produce evidence. [342-344]

At a criminal trial in which the judge directed the jury to continue their deliberations after one juror had indicated, upon the jury's being polled,

that she did not agree with the verdicts reached by the jury after three hours of deliberation, the judge did not abuse his discretion in failing either to discharge the jury or to give an instruction requested by the defendant when the poll of the jury indicated the verdicts were not unanimous. [344-345]

INDICTMENTS found and returned in the Superior Court Department on April 1, 1986.

A pretrial motion to suppress evidence was heard by *Cortland A. Mathers*, J., and the cases were tried before *John M. Xifaras*, J.

*Mary Ellen Kelleher* for the defendant.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

PORADA, J. The defendant was convicted by a jury in the Superior Court of trafficking in cocaine of more than 200 grams (G. L. c. 94C, § 32E[b][3], as appearing in St. 1983, c. 571, § 3), unlawful possession of hashish with intent to distribute (G. L. c. 94C, § 32B[a]), unlawful possession of marijuana (G. L. c. 94C, § 34), unlawful possession of valium (G. L. c. 94C, § 34), and unlawful possession of ammunition without an identification card (G. L. c. 269, § 10[h]). On appeal he assigns as errors: (1) the judge's refusal to allow the defendant to offer evidence of the codefendant's plea colloquy and plea of guilty to the charge of possession of cocaine with intent to distribute; (2) the denial of the defendant's motion for disclosure of identity of the prosecution's informant; (3) the denial of the defendant's motion to suppress; (4) the prosecutor's examination of a witness and comments in closing argument which allegedly reflected impermissibly upon the defendant's right not to testify and failure to produce evidence; and (5) the failure of the judge to discharge the jury or give a requested instruction when a poll of the jury indicated the verdicts were not unanimous. We reject the defendant's claims of error and affirm the convictions.

We summarize the pertinent evidence relevant to defendant's claims. The defendant and a codefendant, Cynthia

Leaman, resided together at 18 Fourth Road in Marshfield. On February 28, 1986, the Marshfield police executed a search warrant at that address. Both the defendant and codefendant were present when the warrant was executed. The police found $900 in cash, a twelve-gauge shotgun, and paraphernalia for mixing, weighing, and packaging drugs in the master bedroom. The master bedroom contained a closet in which the police found a locked safe. The defendant admitted the safe was his and voluntarily opened the combination lock for the police. The safe contained four bags of cocaine weighing 307.4 grams, one and three-quarters pounds of hashish, $12,004 in cash, a ledger book containing records of drug transactions, and .38 caliber ammunition. After the safe was searched, the police asked the defendant if there were any other drugs in the house, to which the defendant responded, "No, that's all I have." In the police officers' continued search of the house, they found on the coffee table in the living room a small amount of marijuana and drug paraphernalia. The police found the codefendant's purse in the kitchen. The purse contained cocaine paraphernalia and an address book with the name "Festus" in it. The same name was found in the ledger book in the safe. Various personal papers of both the defendant and codefendant were discovered in the house. At the conclusion of the search, both the defendant and the codefendant were charged with trafficking in cocaine.

1. *Codefendant's plea of guilty.* The defendant attempted to place in evidence his codefendant's plea colloquy and guilty plea to a lesser charge of possession of cocaine with intent to distribute as evidence of his innocence. The defendant claimed that the codefendant had the intent to distribute the cocaine found on the premises. The trial judge correctly excluded the evidence.

While one person's guilty plea may not be used as substantive evidence of the guilt of another (see *Commonwealth* v. *Elisha*, 3 Gray 460, 461 [1855]; *Commonwealth* v. *Tilley*, 327 Mass. 540, 548-549 [1951]; *Commonwealth* v. *Alicia*, 6 Mass. App. Ct. 904, 905 [1978]), there appears to be no

Massachusetts decision which has ruled on whether one person's guilty plea may be used to prove the innocence of another. The defendant contends that the colloquy and the plea of his codefendant were admissible as declarations against penal interest.

For a statement to be admissible as a declaration against penal interest, the following three tests must be met: "[1] [T]he declarant's testimony must be unavailable; [2] the statement must so far tend to subject the declarant to criminal liability 'that a reasonable man in his position would not have made the statement unless he believed it to be true'; and [3] the statement, if offered to exculpate the accused, must be corroborated by circumstances clearly indicating its trustworthiness." *Commonwealth* v. *Drew*, 397 Mass. 65, 73 (1986), quoting from *United States* v. *Thomas*, 571 F.2d 285, 288 (5th Cir. 1978), and citing Proposed Mass.R.Evid. 804(b)(3).

While the first test was clearly met in this case by the parties' stipulation that the codefendant was unavailable as a witness, the judge could properly have found that one or both of the other tests had not been satisfied.[1] The plea was clearly affected by the exigencies of the plea bargaining[2] and the plea colloquy was something less than "an unequivocal admission of guilt."[3] *Commonwealth* v. *Alicia*, 6 Mass. App. Ct. at 905.

---

[1] The trial judge was also the judge who accepted the codefendant's plea on the first day of the defendant's trial.

[2] The codefendant was allowed to plead guilty to the lesser charge of possession of cocaine with intent to distribute on an agreed recommendation that she receive a two-year suspended sentence to the house of correction and the remaining charges against her (identical to those against the defendant) be filed on a not guilty plea.

[3] We recite just a few of the judge's questions and the codefendant's answers during the colloquy:

JUDGE: "Did you in fact commit the act that [the assistant district attorney] described to me?"

CODEFENDANT: "I don't understand."

JUDGE: "Were you present [when] the cocaine was there?"

CODEFENDANT: "Yes."

JUDGE: "There was some on the bureau, and there was a cocaine kit in

We conclude further that the trial judge's decision to exclude the plea colloquy and guilty plea was correct on the ground of relevancy. Clearly, the plea colloquy contained irrelevant, immaterial, and incompetent evidence such as the penalty for the offense. More importantly, the codefendant's plea did not exonerate the defendant. The codefendant's plea of guilty was not inconsistent with the defendant's guilt, for more than one person may possess the same narcotics. *Commonwealth* v. *Dinnall*, 366 Mass. 165, 168-169 (1974). This is particularly true in this case where there was no evidence that the codefendant had access to the safe where the quantities of cocaine, hashish, cash, and the account ledger were kept.

2. *Failure to disclose the identity of the informant.* One of the informants had participated in a controlled buy on the premises within seven days of the application for the warrant. The defendant argued that he was entitled to know the identity of that informant in order to prepare his defense, presumably to find out from whom the informant had purchased the cocaine.

Disclosure of the identity of an informant is usually required when the informant is an active participant in the crime charged, or the only nongovernment witness to the crime. *Commonwealth* v. *Lugo*, 406 Mass. 565, 572 (1990). Here, the informant was neither an active participant in the crimes charged, which were based on the possession of narcotics with intent to distribute, nor the only nongovernment witness. He was simply a tipster. See *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 408 (1989); *Commonwealth* v. *Mott*, 2 Mass. App. Ct. 47, 53 (1974). We perceive no error in the judge's denial of the request for disclosure.

3. *Motion to suppress.*

a. *General warrant.* The search warrant directed the executing officer to seize the following property:

your — somewhere in your pocketbook?"
CODEFENDANT: "I don't know about that."

"Can[nabi]s and all of it's derivat[iv]es. Cocaine, a white powder and controlled substance as definded [*sic*] in M.G.L. C94c. All related drug paraph[erna]lia for packaging, weighing and distributing same. All monies, records and proceeds of illegal drug sales. And to include any other illegally kept controlled drugs or firearms of various descriptions."

The defendant claimed that the warrant was an impermissible "general warrant" giving the police unfettered discretion to rummage and search the defendant's home for anything and everything. The benchmark of a general warrant is the broad discretion vested in the executing officer permitting an unguided search or "a general, exploratory rummaging in a person's belongings." *Coolidge* v. *New Hampshire*, 403 U.S. 443, 467 (1971). *Commonwealth* v. *Kenneally*, 10 Mass. App. Ct. 162, 172-173 (1980), *S.C.*, 383 Mass. 269, 270 (1981). Except for the words "[a]nd to include any other illegally kept controlled drugs or firearms of various descriptions," we conclude the language of the warrant was adequately specific to satisfy the requirements of the Fourth Amendment to the United States Constitution, art. 14 of the Massachusetts Declaration of Rights, and G. L. c. 276, § 2, that search warrants describe with particularity the items to be seized. See *Commonwealth* v. *Taylor*, 383 Mass. 272, 275 (1981); *Lo-Ji Sales, Inc.* v. *New York*, 442 U.S. 319, 325 (1979).

In *Commonwealth* v. *Lett*, 393 Mass. 141, 144-146 (1984), the Supreme Judicial Court held that under the Fourth Amendment to the Constitution of the United States the tainted portion of a search warrant is severable from the valid portion and items may properly be seized under the valid portion. As noted *infra* (see note 4), the affidavit presented to the magistrate for the issuance of the warrant contained probable cause to search only for cocaine, drug paraphernalia used in packaging, weighing, and distributing cocaine, and all money, records, and proceeds of cocaine sales. Consequently, only that portion of the warrant which directed the seizure of those specific items was valid. How-

ever, since the search for cocaine and all related drug para-
phernalia could "include any area, place, or container rea-
sonably capable of containing" any of these items
(*Commonwealth* v. *Signorine*, 404 Mass. 400, 405 [1989]),
the other items seized in the search of the premises in plain
view were within the scope and intensity of the search and
seizure permitted under the terms of the valid portion of the
warrant. See *Commonwealth* v. *Lett*, *supra* at 147-148. We
perceive no error in the judge's denial of the motion to sup-
press on the basis of an impermissible general warrant.

b. *Probable cause.* The search warrant was supported by
an affidavit, executed on February 28, 1986, of Detective
Lloyd of the Marshfield police. In his affidavit, he alleged
that he had obtained information from two confidential infor-
mants, both of whom had supplied information in the past
leading to the execution of a search warrant, seizure of a
quantity of drugs, and the arrest of a named individual. The
affidavit revealed that in January, 1986, the two confidential
informers had advised the affiant that they had been making
purchases of cocaine at 18 Fourth Road in Marshfield for the
past several months; that one of the informants had made a
purchase of cocaine at that address on January 10, 1986; and
that within the seven days preceding the execution of the ap-
plication for the warrant, one of the informants had made a
controlled buy of cocaine at that address. The affiant further
disclosed that, during the six weeks preceding the execution
of the application for the warrant, the affiant had observed
on numerous occasions people entering the house through the
front door, stopping for five to ten minutes, and then
leaving.[4]

The defendant contends that the affidavit failed to estab-
lish the reliability and credibility of the informants. We do
not agree. Unlike the affidavit in *Commonwealth* v. *Rojas*,
403 Mass. 483, 486 (1988), which contained only a naked
assertion that an informant had provided information leading
to the arrest of a named individual, the affidavit here clearly

---

[4]The Commonwealth properly concedes that the affidavit did not contain
probable cause to search for cannabis or firearms.

spelled out the role played by the informants in the arrest of the named individuals — the furnishing of information as to the whereabouts of illegal quantities of drugs, the seizure of which resulted in the arrest of the named individual. The reliabililty of the informants could also be inferred from the independent police observations corroborating in part the information furnished by the informants. See *Commonwealth v. Robinson*, 403 Mass. 163, 166 (1988); *Commonwealth v. Kiley*, 11 Mass. App. Ct. 939, 940 (1981). Any weakness in the reliability of one of the informants was repaired by the account of the controlled buy set forth in the affidavit. *Commonwealth v. Benlien*, 27 Mass. App. Ct. 834, 838-839 (1989).

The defendant argues that the information recited in the affidavit was stale. Probable cause must be established by recited "facts 'closely related to the time of the iss[uance] of the warrant.'" *Commonwealth v. Reddington*, 395 Mass. 315, 322 (1985), quoting from *Commonwealth v. Atchue*, 393 Mass. 343, 349 (1984). However, where an "affidavit recites activity indicating protracted or continuous conduct, time is of less significance." *Commonwealth v. Vynorius*, 369 Mass. 17, 25 (1975), quoting from *Bastida v. Henderson*, 487 F.2d 860, 864 (5th Cir. 1973). In this case, it was reasonable to infer the drug distribution was an on-going activity. As a result, the information contained in the affidavit was not stale. See *Commonwealth v. Smith*, 370 Mass. 335, 343 (1976); *Commonwealth v. DiStefano*, 22 Mass. App. Ct. 535, 540-541 (1986).

We conclude that the motion to suppress was properly denied.

4. *Prosecutorial misconduct.* A prosecutor may not comment on the failure of the defendant to produce evidence or to testify. Massachusetts Declaration of Rights, art. 12. *Commonwealth v. Paradiso*, 368 Mass. 205, 211-212 (1975). During the trial, the prosecutor asked a Commonwealth witness if he had ever been visited by a handwriting expert witness retained by the defendant. The witness responded, "No." The defendant objected and moved for a mistrial. The

judge sustained the objection, allowed the defendant's motion to strike both the question and answer, and instructed the jury that "the burden of proof is always on the government, the Commonwealth . . . ." The question was arguably improper because it could be construed as a comment on the failure of the defendant to produce evidence, but any prejudice to the defendant was cured by the judge's striking of the evidence, his immediate instruction on the burden of proof, and his subsequent closing instructions that the jury's verdict must be based solely on the evidence, that the Commonwealth bears the burden of proof, and that the defendant had the right not to testify. See *Commonwealth* v. *Seay*, 376 Mass. 735, 745 (1978); *Commonwealth* v. *Pope*, 406 Mass. 581, 587-588 (1990).

During the prosecutor's closing argument, the prosecutor stated:

> "Now, let me suggest to you that that is an element [intent to distribute] as to which you necessarily must rely on inference. How would you know what the defendant's intention was? Well, there are two possible ways — if he made statements about what his intention was, and he didn't, you know that; or if you could take a snap map of the inside of his mind, and you can't do that, you know that too."

The prosecutor further stated:

> "It's not the Commonwealth that is asking you to engage in any guesswork, any conjecture, any speculation. . . . It's the defendant, I suggest to you, who is asking you to engage in guesswork, and that you should reject."

At the close of the prosecutor's argument, the defendant objected to these remarks and asked for a mistrial on the ground that they were comments on the failure of the defendant to testify. The judge denied the motion for a mistrial and stated that he would give an instruction "on the business

of guesswork" in his closing instructions. At the close of the court's instructions, the defendant did not object to any alleged omission in the charge "on the business of guesswork" or ask for any instructions relating to this matter.

Although these remarks could be construed as a comment on the defendant's failure to take the stand, we do not think it was necessary to declare a mistrial. The prosecutor's remarks on intent may be characterized not so much as a comment on the failure of the defendant to testify but as a comment on what evidence the jury could consider in determining intent. Similarly, the prosecutor's remarks about the defendant's asking the jury to engage in speculation could simply be construed as the prosecutor's response to the defendant's closing argument that the Commonwealth's case was based on sheer speculation and guesswork and the real culprit in this case was the absent codefendant. In light of the judge's emphatic instructions on burden of proof, that the jury's verdict must be based on the evidence and not guesswork, and that no inference unfavorable to the defendant could be drawn by reason of his failure to testify, we hold that the judge did not abuse his discretion in relying on his instructions to preclude any potential prejudice. *Commonwealth* v. *Smallwood*, 379 Mass. 878, 892-893 (1980). *Commonwealth* v. *Pope*, 406 Mass. at 587-588.

5. *Polling the jury.* The jury began their deliberations at 1:35 P.M. on a Friday afternoon. At 4:10 P.M. the jury reported that they had reached verdicts. After the verdicts were given, the defendant asked that the jury be polled.[5] The judge granted the request. One of the jurors indicated she did not agree with the verdicts. The defendant then asked for a mistrial. The judge denied that request. The defendant then asked the judge to instruct the jury before continuing their deliberations that "each juror's views should be listened

---

[5]We note that it appears from the record that at the time the defendant made the request to poll the jurors, the verdicts had been recorded. This would make the defendant's request untimely, but this argument was not briefed or argued to the court. See Mass.R.Crim.P. 27(d), 378 Mass. 897 (1979).

to but that one should not surrender their conscientious belief merely because there is a majority or to reach a verdict." The judge declined to give this instruction. The judge sent the jury out at 4:20 P.M. to continue their deliberations with the admonition that their verdicts had to be unanimous on each indictment. At 4:55 P.M. the jury returned with verdicts on all indictments. The defendant now contends that the judge erred in refusing to grant a mistrial or give an instruction along the lines requested by him. We disagree.

Where the one juror stated she did not agree with the verdicts, it was well within the trial judge's discretion either to declare a mistrial or to direct the jury to continue their deliberations. Mass.R.Crim.P. 27(d), 378 Mass. 897 (1979). *Commonwealth* v. *Hebert*, 379 Mass. 752, 756 (1980). There was no abuse of discretion.

We conclude also that the judge did not err in refusing to give the requested instruction. While a further instruction might have been helpful, it was not required by the rule. Further, when to give the *Tuey-Rodriquez* charge (*Commonwealth* v. *Tuey*, 8 Cush. 1 [1851]; *Commonwealth* v. *Rodriquez*, 364 Mass. 87, 101-102 [1973]) is a matter of discretion. *Commonwealth* v. *Bregnard*, 3 Mass. App. Ct. 489, 492 n.4 (1975). *Commonwealth* v. *Connors*, 13 Mass. App. Ct. 1005, 1005-1006 (1982). Because the *Tuey-Rodriquez* charge has a sting to it, it should not be used "prematurely or without evident cause." *Commonwealth* v. *Rodriquez*, 364 Mass. 87, 100 (1973). *Commonwealth* v. *Bregnard*, *supra* at 492 n.4. Where the jury had been deliberating for such a short time (three hours), we do not believe the judge abused his discretion.

*Judgments affirmed.*