# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***People v. Garcia*, 2012 IL App (2d) 100656**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELPIDIO GARCIA, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0656 |
| Filed | June 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for unlawful possession of a controlled substance and cannabis with intent to deliver, the trial court properly excluded the guilty-plea-based conviction of codefendant where codefendant's conviction was not relevant to defendant's claim of innocence, codefendant pled guilty to a reduced weight of cocaine, his plea did not exclude joint possession, the State's theory was that possession was joint, codefendant's admission was hearsay, and the defendant failed to establish the evidence was admissible under any exception to the hearsay rule. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 09-CF-3241; the Hon. Daniel B. Shanes, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Thomas A. Lilien and R. Christopher White, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Stephen E. Norris and Timothy J. Ting, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justice Burke concurred in the judgment and opinion.
Justice McLaren dissented, with opinion.

## OPINION

¶ 1     Defendant, Elpidio Garcia, appeals from his convictions of unlawful possession with intent to deliver 1 or more but less than 15 grams of a substance containing cocaine (720 ILCS 570/401(c)(2) (West 2008)) and unlawful possession with intent to deliver more than 2,000 but not more than 5,000 grams of cannabis (720 ILCS 550/5(f) (West 2008)). He asserts that the court erred when it did not admit into evidence the guilty-plea-based conviction of his codefendant, Salvador Diaz. Because the conviction was not relevant to defendant's culpability, we hold that the court did not err in refusing to admit the conviction, and we therefore affirm defendant's convictions.

¶ 2                                   I. BACKGROUND

¶ 3     Defendant and Diaz were charged by indictment with the same two offenses of which defendant was eventually convicted. Diaz pled guilty to possession of less than one gram of a substance containing cocaine. Defendant filed a motion *in limine* seeking to admit "the proceeding" of Diaz's guilty plea as exculpatory evidence.

¶ 4     Evidence given at a hearing on a motion to suppress provides context for the motion *in limine*. On August 13, 2009, defendant was driving a crew-cab pickup truck when he passed an unmarked State Police squad car–one with window and grille lights, but not roof lights. The truck caught the attention of the State Trooper, Kenneth Benson, because it had tinted windows. Benson started following it. He saw the truck change lanes without signaling and decided to make a traffic stop. The truck pulled over.

¶ 5     Benson went to the passenger-side window, and that window opened. The passenger was drinking beer from a bottle. Benson asked defendant if he had been drinking too, and defendant said that he had. Benson told defendant to get out of the truck. After defendant complied, Benson asked for permission to look for alcohol. Defendant told him that he could

-2-

look. In the center cup holder–part of the console between the two front seats–Benson saw a white substance that looked like cocaine. This was a double cup holder, and the white substance was in the section closer to the driver. He also identified the smell of raw cannabis. On "the floorboard behind the center console in between the driver and passenger seat," the trooper found "a brick of cannabis."

¶ 6 At the hearing on the motion *in limine*, defense counsel took the position that admitting evidence of Diaz's guilty plea would bolster defendant's credibility:

"The State would certainly always argue in a case like this [']how convenient to point the finger to the other person who happens to be in the car.['] But *** this isn't simply pointing the finger.

Now we know, in fact, the seven grams of cocaine that are attributed to Mr. Garcia are now we have someone who has accepted guilt, admission against penal interest for that. It is highly probative ***."

In response, the State pointed out that Diaz had agreed to plead guilty to possession of a reduced weight of cocaine. It also argued that Diaz's admission of possession did not exclude joint possession with defendant. The State said that its theory was that the possession was joint.

¶ 7 The court asked defense counsel what evidence he would be "seeking to offer." Counsel responded by suggesting that the court could take judicial notice that Diaz entered a plea of guilty. The court then asked if counsel was planning to call Diaz and counsel stated, "[n]o, we weren't." The court also inquired if either party was offering any forensic testing "on the drugs outside of maybe drugs but fingerprints?" The answer was no. In commenting on what was being offered, the court stated:

"What is not being asked is to admit testimony of the statement made by Mr. Diaz at any time other than his plea which is a different type of statement than the statement to when [*sic*] I refer. No statements by Mr. Diaz before the offense, no statements by Mr. Diaz during the offense, no statements by Mr. Diaz after the offense in a custodial-type situation, anything like that."

The court went on to point out that "[w]hat else is not being offered are any forensics showing, for example, that Mr. Diaz's fingerprints were on these items ***. No prints, DNA, no type of identifying forensics." In denying the defense motion, the court made clear that "the defense is certainly free to argue Mr. Diaz's presence and all the reasonable inferences and conclusions that flow therefrom."

¶ 8 The court looked to both Illinois and Supreme Court precedent to support its decision:

"I had the opportunity to consider *Holmes v. South Carolina*, 547 U.S. 319 [(2006)] ***. And it certainly addresses in some ways these issues. I have also considered *People v. Bohn*, *** 362 Ill. App. 3d 485 [(2005)]. To be sure a 2005 opinion, pre-dates *Holmes*. ***

*** I note, of course, the admissibility of evidence is something that is within the trial Court's discretion in constitutional parameters. And I examined this issue under that analysis. And [*Bohn*] affirmed [the] conclusion that whether another person was charged

-3-

with possession of those items does not make the question of the defendant's guilt more or less probable. In fact, the Second District noted as did [the State] that possession can be joint. Not to mention the State could theoretically be proceeding on accountability rather than as a principal. And there are all sorts of ways possession can be–actual, constructive, and, of course, joint possession being the most relevant.

*** Here we have a plea and a conviction which brings us to *Holmes*. *Holmes* held that it was a constitutional violation for the State to prevent a defendant from introducing the evidence in that case that could show someone else committed this offense, the offense of Holmes. ***

Because our case here today the evidence that Mr. Diaz pled guilty to possessing this cocaine, I will just assume that is what it is for the sake of argument now, does not necessarily preclude a finding that this defendant possessed the cocaine because possession can be joint. Never mind theories of accountability. In addition, it doesn't rise to the type of evidence that was at issue in *Holmes*.

The bottom line is *Holmes* does not control. ***

Here both Mr. Diaz and Mr. Garcia can be found criminally liable for possessing the same object as opposed to who committed the rape and murder in *Holmes*. So for those reasons, your motion is denied."

¶ 9 Defendant had a jury trial in March 2010. Benson gave testimony largely consistent with his testimony at the suppression hearing. He further described the cocaine as "packaged in a plastic baggie" with "five individually wrapped in plastic bags inside that bag." He described the cannabis as "three Ziplock freezer bags, large freezer bags filled with green leafy substance which was suspect cannabis and one large brick of cannabis as well."

¶ 10 Matthew Goze of the Lake County Metropolitan Enforcement Group testified to assisting at the stop and seeing the cannabis as described by Benson. The parties stipulated to lab results showing that the items seized from the truck were cannabis and a substance containing cocaine and to an opinion that the packaging and quantities involved indicated an intent to distribute.

¶ 11 The State rested, and defendant testified. He said that he had a construction business and had hired Diaz, who lived in McHenry, because Diaz knew how to build retaining walls. He picked him up at 5:30 a.m. to work on a job. They went to the jobsite to work on a wall. Diaz went to lunch with another person who picked him up. They finished work for the day, and defendant drove with Diaz back to McHenry. They went to defendant's shop–apparently, a garage space he rented for his equipment–and when they got done there, Diaz asked for a ride to Wauconda. Defendant agreed to take him because it was on defendant's way. They were driving with the windows down because it was a pleasant day. Diaz bought a beer and opened it in the truck.

¶ 12 Defendant denied many of the specifics of what Benson had described as occurring at the stop. He denied, for instance, that he had admitted to having had a drink: he said that he never drank. He agreed that he had consented to a search of the truck; he said that he did this because he had no reason to think that he had anything illegal in the truck. He denied that the drugs were his and said that he had seen them for the first time in the courtroom.

-4-

¶ 13    The jury found defendant guilty of the charged offenses. Defendant then filed a motion for a new trial in which he argued, among other things, that the court erred in refusing to admit Diaz's guilty plea as evidence.

¶ 14    The court rejected the argument and denied the motion:

"Here, the issue was one of constructive or joint possession of drugs. And the Second District has clearly addressed that. It's distinguishable from *Holmes*. It's a different issue. The Second District in accord with other districts and courts has held that such circumstances, when one person possesses an item, it doesn't prohibit or affect another person's ability to possess that item. And that was generally why and how the court ruled previously. Based upon the cases I cited before, the court adheres to that ruling."

¶ 15    After the court sentenced defendant, he timely appealed. He now asserts that the court abused its discretion when it refused to allow Diaz's guilty plea proceeding into evidence.

¶ 16                                    II. ANALYSIS

¶ 17    "It is within the trial court's discretion to determine whether evidence is relevant and admissible, and the trial court's decision on the issue will not be reversed absent an abuse of discretion." *People v. Garcia-Cordova*, 2011 IL App (2d) 070550-B, ¶ 82. "A trial court abuses its discretion where its decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the trial court's view." *Garcia-Cordova*, 2011 IL App (2d) 070550-B, ¶ 82. We hold that no abuse of discretion occurred. Because Diaz and defendant could have possessed the drugs jointly, Diaz's guilty plea and associated proceedings were not relevant.

¶ 18    Possession of contraband can be, and often is, joint. Evidence of a defendant's possession of drugs therefore does not rule out possession by another defendant. *Bohn*, 362 Ill. App. 3d at 490. For that reason, in circumstances quite similar to those here, more than one court has held that codefendant guilty pleas are not relevant. In *Potts v. State*, 458 A.2d 1165, 1169 (Del. 1983), the Supreme Court of Delaware held that, despite authorities permitting admission of the confession of another, codefendants' pleas of guilty to drug possession were irrelevant because they did not establish *exclusive* possession:

"Defendant did not establish that his companions' pleas constituted confessions to exclusive possession of the drugs. Hence, their pleas were not shown to exculpate defendant. We agree with the Trial Court that any relevance or materiality of the companions' guilty pleas is at best 'tenuous'; and we find no denial of due process occurred by their exclusion from evidence." *Potts*, 458 A.2d at 1169.

Similarly, in *Commonwealth v. Fernandes*, 568 N.E.2d 604 (Mass. App. Ct. 1991), a Massachusetts court of appeals concluded that a codefendant's guilty plea and associated proceedings were irrelevant because they did not exclude the possibility of joint possession:

"We conclude *** that the trial judge's decision to exclude the plea colloquy and guilty plea was correct on the ground of relevancy. *** [T]he codefendant's plea did not exonerate the defendant. The codefendant's plea of guilty was not inconsistent with the defendant's guilt, for more than one person may possess the same narcotics." *Fernandes*,

568 N.E.2d at 607.

The same reasoning applies here. Diaz's guilty plea, which simply admitted possession of the cocaine, was entirely consistent with joint possession by defendant. The plea and associated proceedings were therefore irrelevant.

¶ 19    Moreover, the evidence that defendant sought to introduce was Diaz's hearsay admission of possession of cocaine. "It is incumbent upon the party offering the declaration to establish that it meets the requirements of [an] exception." *Flath v. Madison Metal Services, Inc.*, 212 Ill. App. 3d 367, 377 (1991); see also *Tarshes v. Lake Shore Harley Davidson*, 171 Ill. App. 3d 143, 153 (1988). Defendant failed to establish the necessary facts for the exception for statements against penal interest.

¶ 20    A statement against penal interest may be admitted as an exception to the rule against the admission of hearsay if it satisfies the following:

"A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered in a criminal case is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Ill. R. Evid. 804(b)(3) (eff. Jan. 1, 2011).

This hearsay exception is, however, available only when the declarant is unavailable as defined in the rule–specifically, when the declarant:

"(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement; or

(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; or

(3) testifies to a lack of memory of the subject matter of the declarant's statement; or

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means." Ill. R. Evid. 804(a) (eff. Jan. 1, 2011).

Defendant failed completely to show that any of these bases for deeming a witness unavailable applied to Diaz.

¶ 21    Defendant implies that, under the rule in *Holmes*, the court ought to have permitted him to introduce the otherwise inadmissible statement because it was a necessary part of his right to put on a defense. We disagree; *Holmes* does not require the admission of irrelevant evidence.

¶ 22    In *Holmes*, the Supreme Court held that, although states and courts have considerable latitude to create rules of evidence, those rules cannot *arbitrarily* interfere with a defendant's

-6-

right to put on a complete defense. *Holmes*, 547 U.S. at 324-25. "[T]he Constitution permits judges 'to exclude evidence that is "repetitive ..., only marginally relevant" or poses an undue risk of "harassment, prejudice, [or] confusion of the issues." ' " *Holmes*, 547 U.S. at 326-27 (quoting *Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986), quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). However, any rule that limits introduction of "important defense evidence" must serve a "legitimate interest." *Holmes*, 547 U.S. at 325. The *Holmes* court made clear that the bar was on *arbitrary* rules. The rule against the admission of irrelevant evidence is, of course, the opposite of arbitrary and the type of rule that *Holmes* explicitly permitted. *Holmes* is inapplicable here.

¶ 23    The dissent argues that the "majority gratuitously finds that the plea should not have been admitted for foundational problems" and that it is inappropriate for us to do so, as the State did not object on this ground, and therefore the argument is forfeited (*infra* ¶ 35 (McLaren, J., dissenting)). Such is not the case. On appeal, we "review the trial court's judgment, not its rationale," and we "can affirm for any reason the record supports." *People v. Reed*, 361 Ill. App. 3d 995, 1000 (2005). Thus, regardless of the reasoning employed by the trial court, the ultimate issue is whether it was an abuse of discretion to exclude evidence of Diaz's guilty plea. For the reasons stated, we hold that the trial court did not abuse its discretion in excluding Diaz's guilty plea.

¶ 24                                          III. CONCLUSION

¶ 25    Because the evidence was not relevant and did not conform to the rules for admitting hearsay statements, the court did not abuse its discretion in ruling inadmissable the evidence of Diaz's guilty plea. As that is the only claim of error raised by defendant, we therefore affirm his convictions.

¶ 26    Affirmed.

¶ 27    JUSTICE McLAREN, dissenting.

¶ 28    I dissent because I disagree with the analysis of the majority. The majority states: "We hold that no abuse of discretion occurred. Because Diaz and defendant could have possessed the drugs jointly, Diaz's guilty plea and associated proceedings were not relevant." *Supra* ¶ 17. I disagree. I believe that the guilty plea and associated proceedings were relevant rather than conclusive or dispositive on the issue of possession. The majority does not recognize the necessary link between the trial court's misinterpretation of *Bohn* and the consequent abuse of discretion. The majority fails to assign error to the trial court's nonrealization that, depending upon the circumstances, statements made by others against their penal interests may be relevant to whether the defendant possessed the same contraband. By determining that the evidence was not relevant, the majority continues the fiction the trial court incorrectly utilized in excluding the plea of guilty. The majority determines in the opening paragraph that "[b]ecause the conviction was not relevant to defendant's culpability, we hold that the court did not err in refusing to admit the conviction." *Supra* ¶ 1. The problem with this statement is that the majority confuses the difference between relevance and proof. The

majority adopts the faulty reasoning of the trial court and concludes that such evidence will never be relevant and, thus, should never be admitted. This determination by the majority is an indirect attack on a trial court's authority to make the determination of relevance. The majority inappropriately reviews the exercise of discretion through *de novo* review.

¶ 29    The decision to admit a piece of evidence rests in the *sound* discretion of the court. *People v. Tenney*, 205 Ill. 2d 411, 436 (2002). "[A] trial court must exercise its discretion [on the admission of evidence] within the bounds of the law. Where a trial court's exercise of discretion has been frustrated by an erroneous rule of law, appellate review is required to permit the exercise of discretion consistent with the law." *People v. Williams*, 188 Ill. 2d 365, 369 (1999).

¶ 30    "Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." *People v. Harvey*, 211 Ill. 2d 368, 392 (2004). "A trial court may reject offered evidence on grounds of irrelevancy if it has little probative value due to its remoteness, uncertainty, or possibly unfair prejudicial nature." *Harvey*, 211 Ill. 2d at 392. The law sometimes treats whole classes of evidence as *per se* "irrelevant" (often for sound policy reasons, as with "rape shield" laws). Those are among the classes of rules that *Holmes* said are impermissible if they are arbitrary. Otherwise, a relevancy determination has to rest on the particular facts–it is *sui generis*. I suggest that, because the court's decision was the result of a significant misapprehension of the law, it was erroneous and an abuse of discretion.

¶ 31    In support of the denial, the State pointed out that Diaz had agreed to plead guilty to possession of a reduced weight. It also argued that Diaz's admission of possession did not exclude joint possession with defendant. The State said that its theory was that the possession was joint. In excluding the plea of guilty, the trial court reasoned as follows:

> "I had the opportunity to consider *Holmes v. South Carolina* ***. And it certainly addresses in some ways these issues. I have also considered *People v. Bohn* ***. To be sure a 2005 opinion, pre-dates *Holmes*. But the case in *Holmes* is a drug and weapons possessor charge. There the defendant sought to introduce evidence that another individual, I assume a co-defendant, had also been *charged* with the same offense to show that his possession was more or less probable; in other words, relevant.
>
> The Second District went through the analysis as to these issues. I note, of course, the admissibility of evidence is something that is within the trial Court's discretion in constitutional parameters. And I examined this issue under that analysis. And [*Bohn*] affirmed [the] conclusion that whether another person was *charged* with possession of those items does not make the question of the defendant's guilt more or less probable.
>
> In fact, the Second District noted as did [the State] that possession can be joint. Not to mention the State could theoretically be proceeding on accountability rather than as a principal. And there are all sorts of ways possession can be–actual, constructive, and, of course, joint possession being the most relevant.
>
> This case is a little bit different than *Bohn* because there the question was the *charges*. Here we have a plea and a conviction which brings us to *Holmes*. *Holmes* held

that it was a constitutional violation for the State to prevent a defendant from introducing the evidence in that case that could show someone else committed this offense, the offense of Holmes. That case involves, as I recall, forensic testing and other matters, and so the question becomes whether *Holmes* essentially overrules *Bohn*.

I don't think that it does. At least not as applies to this case. Because our case here today the evidence that Mr. Diaz pled guilty to possessing this cocaine, I will just assume that is what it is for the sake of argument now, does not necessarily preclude a finding that this defendant possessed the cocaine because possession can be joint. Never mind theories of accountability.

In addition, it doesn't rise to the type of evidence that was at issue in *Holmes*. The bottom line is *Holmes* does not control. Certainly good law, certainly accurate statement of the law as understood by the Supreme Court, but doesn't reach this issue because it is not evidence that someone else committed this offense to the exclusion the defendant did which was the issue in *Holmes*. It was a sex case. Here both Mr. Diaz and Mr. Garcia can be found criminally liable for possessing the same object as opposed to who committed the rape and murder in *Holmes*. So for those reasons, your motion is denied." (Paragraph breaks modified and italicization of case names added for readability. Emphases added.)

¶ 32    At trial defendant testified that the drugs weren't his. A jury convicted him of possession of both the cocaine and the marijuana. He then filed a motion for a new trial in which he argued, among other things, that the court erred in refusing to admit Diaz's guilty plea as evidence. The court rejected the argument:

"The issue regarding the co-defendant pleading guilty as it's set forth in paragraph four in *South Carolina versus Holmes*, this court obviously is bound by, and adheres to, precedent from the Illinois Appellate Court, particularly from the Second District.

Holmes, if memory serves, was a case here the U.S. Supreme Court on due process grounds addressed a sex assault charge where there was affirmative, scientific evidence of an exculpatory nature showing that somebody else actually committed the rape or whatever it was in that case. Here, the issue was one of constructive or joint possession of drugs. And the Second District has clearly addressed that. It's distinguishable from *Holmes*. It's a different issue. The Second District in accord with other districts and courts has held that such circumstances, when one person possesses an item, it doesn't prohibit or affect another person's ability to possess that item. And that was generally why and how the court ruled previously. Based upon the cases I cited before, the court adheres to that ruling." (Italics added.)

¶ 33    I authored *Bohn*; it did not consider admissions against penal interest so much as whether the fact that the witness was arrested after testifying could be submitted to the jury as evidence that the State deemed the witness's testimony credible. We held that what the State was "thinking" when it charged the witness after he testified was irrelevant. We noted that, although a defendant has a right to present a defense, a trial court has broad discretion to decide whether evidence is relevant. *Bohn*, 362 Ill. App. 3d at 490. "In assessing a trial court's exercise of such discretion, this court must determine whether the proffered testimony

-9-

would have made the question of the defendant's guilt of the charged offense more or less probable." *Bohn*, 362 Ill. App. 3d at 490. *Bohn* was concerned with whether the fact that other parties are *charged* with possession is relevant, and we found in the negative. Further, evidence of arrest does not contain the indicia of reliability for admissibility. *Bohn*, 362 Ill. App. 3d at 490-91.

¶ 34 I submit that the trial court misunderstood *Bohn* as creating a rule that, in its words, "when one person possesses an item, it doesn't *** affect another person's ability to possess that item and thus is irrelevant." The majority has recast this as saying that one person's possession of an item is *per se* irrelevant as to whether another also possessed it. Because possession *can be* joint, another's possession is rarely *dispositive*. Still, there's a great deal of latitude between "not dispositive" and "irrelevant."

¶ 35 The relevance of another's possession very much depends on the circumstances. *Bohn* did not say otherwise. If it *had* created a general rule that would give a court unbridled discretion to exclude plainly relevant evidence of guilt, such a rule probably would be arbitrary and so contrary to *Holmes.*

¶ 36 The trial court's exercise of discretion was frustrated by its application of an erroneous rule of law. It failed to make the proper circumstance-based determination of relevance, so that its determination became arbitrary in violation of *Holmes*. Here, Diaz's guilty plea was relevant. It would have bolstered defendant's credibility when he said that the drugs were Diaz's in that it would have taken much of the sting out of the idea that defendant was just looking for the most convenient person to blame. Furthermore, it weighs heavily against the simplest theory of events: defendant's truck, defendant's drugs, Diaz's bad luck. This is very much a credibility-driven case. I submit that the inclusion of the evidence that Diaz pled guilty to possession would have required the jury to actually consider the issue of joint possession and could have materially affected the verdict. That would not have been unduly prejudicial to the State, because it claimed that the possession was joint.

¶ 37 Additionally, the majority gratuitously finds that the plea should not have been admitted for foundational problems. This is inappropriate as the State did not object to admissibility on this ground. Therefore, the majority's additional reason for affirmance is inappropriate as it was forfeited and procedurally defaulted by the State.