NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1044

COMMONWEALTH

vs.

JEREMY M. TAYLOR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant moved to suppress the items seized during the execution of a search warrant of an apartment, arguing among other things that the warrant's lack of specificity in its description of a firearm sought by police rendered it an unlawful "general warrant."  A judge of the Dorchester Division of the Boston Municipal Court agreed and allowed the motion.  The Commonwealth obtained leave to pursue an interlocutory appeal.  Concluding that the warrant's description of a camouflage jacket was enough to prevent it from being a general warrant, we reverse the suppression order.

Background.  We recite the essentials of the affidavit in support of the search warrant application.  Boston police received a report of a man threatening several people with a gun at an apartment building in Dorchester and then fleeing into

apartment 104.  A resident of the building told police that the man named Jeremy, who lived in apartment 104 and was wearing a camouflage jacket, had threatened her and her child with a small metallic firearm, about the size of an iPhone, that he pulled from his sock.  Police were aware that the defendant lived in apartment 104 and had an "extensive record of violent criminal offenses which included a previous firearm conviction."

Police knocked on the door of apartment 104 and found the defendant inside, although he was not wearing a camouflage jacket.  After removing him from the apartment, police conducted a protective sweep of the apartment and unsuccessfully searched the area around the building for a firearm.  The resident who said she was threatened saw the defendant and identified him as the assailant.  The defendant was arrested on assault charges and the apartment was secured pending execution of a search warrant.  Police believed that, if permitted to search, they would find the small metallic firearm and the camouflage jacket inside the apartment.

The search warrant application sought a warrant to search for "[a] small metallic firearm and a camouflage jacket."  The warrant as issued, however, purported to authorize police to search for a "[f]irearm, ammunition, all items used for the storage and upkeep of said firearm, [and] a camouflage jacket."  When they executed the warrant, police recovered a camouflage

jacket and numerous other items, including a Ruger .22 caliber long rifle automatic pistol with nine cartridges and assorted drugs and drug dealing paraphernalia.

The defendant moved to suppress, asserting among other things that "[t]he warrant lacked sufficient particularity to meet the requirements of G. L. c. 276, § 2, art. 14 of the Massachusetts Declaration of Rights, and the Fourth Amendment to the United States Constitution, and thus the search warrant was an unlawful general warrant."[1]  At an evidentiary hearing on the motion, the officer who prepared the warrant application testified that he also prepared the (presumably unsigned) warrant itself.  He further stated that the discrepancies between the items listed on the application and those listed on the warrant were the result of a clerical error.  Police did not bring the application when they executed the warrant.

The judge ruled that although there was probable cause to search the apartment for a camouflage jacket and a small metallic firearm, the clerical error expanded the scope of the

---

[1] "'[U]nlike [c. 276's] probable cause provisions, the particularity requirements of G. L. c. 276 essentially track the particularity requirements of art. 14 and the Fourth Amendment.' [The Supreme Judicial Court has] never held that art. 14 requires greater particularity than the Fourth Amendment, and therefore we make no distinction between art. 14 and the Fourth Amendment in our analysis."  Commonwealth v. Walsh, 409 Mass. 642, 644-645 (1991), quoting Commonwealth v. Sheppard, 394 Mass. 381, 389 (1985).

search, in two ways.  First, "[b]y failing to more accurately describe the firearm, the warrant authorized the officer[s] to search for any firearm[,] whether it was small enough to fit in a sock or was so big that there was no way to conceal it in any article of clothing."  Second, "[b]y authorizing the officers to look for ammunition and items used for storage and upkeep of said firearm, the warrant allowed the officers to continue to search the apartment even after the jacket and small metallic firearm had been discovered.[2]  There was no basis for these items to be included in the warrant and their inclusion expanded the scope of the warrant."  The judge allowed the motion to suppress, and denied the Commonwealth's motion to reconsider. This appeal followed.

Discussion.  "We view with respect the motion judge's conclusions of law, but, as this matter is of a constitutional dimension, the judge's ultimate findings and rulings of law are subject to de novo review."  Commonwealth v. Thomas, 429 Mass. 403, 405 (1999).  See United States v. Burgos-Montes, 786 F.3d 92, 105 (1st Cir.), cert. denied, 577 U.S. 1036 (2015).

---

[2] Despite this statement, it is unclear from the record whether the "Ruger .22 caliber long rifle automatic pistol" seized during the search is a "small metallic firearm" as described in the warrant affidavit and application.  The defendant asserts that the police did not find a small metallic firearm.  Neither party argues that any issue in this appeal turns on the point.

4

"It is beyond doubt that all evidence seized pursuant to a general warrant must be suppressed.  The cost to society of sanctioning the use of general warrants -— abhorrence for which gave birth to the Fourth Amendment -— is intolerable by any measure" (citation omitted).  Commonwealth v. Lett, 393 Mass. 141, 145-146 (1984).  "Severance of the invalid from the valid portions of a warrant is unacceptable where no portion of the warrant is sufficiently particularized to pass constitutional muster . . . .  Otherwise the abuses of a general search would not be prevented" (quotation and citation omitted).  Id. at 146.

The Lett decision illustrates how these principles are applied.  There, a search warrant authorized a search for heroin and a diamond ring.  Lett, 393 Mass. at 146.  The officers executing the warrant found heroin and drug paraphernalia but no ring.  Id. at 142-143.  The Supreme Judicial Court ruled that the specific authorization to search for heroin and the ring was not so broad as to authorize an intolerable "general rummaging search of the defendant's apartment."  Id. at 146.  "While the authorization to search for heroin failed for lack of probable cause, the valid authorization to search for the ring sufficiently limited the officer's discretion so as to withstand constitutional challenge."  Id. at 146.  Thus, the court allowed "that portion of the warrant to stand," and went on to consider whether seizure of the heroin and other items was valid because

5

they were seen in plain view during the search for the ring. Id. The court ruled that "the application of the doctrine of plain view to a search conducted pursuant to a partially valid warrant is ordinarily permissible." Id. at 147. Accordingly, "[b]ecause the heroin and drug paraphernalia were in plain view during a permissible search, the motion to suppress those items was properly denied." Id. at 148. See Commonwealth v. Fernandes, 30 Mass. App. Ct. 335, 339-341 (1991) (warrant described certain items with sufficient particularity, and was not general warrant, notwithstanding that it also included insufficiently specific phrase, "any other illegally kept controlled drugs or firearms of various descriptions").

To similar effect is Commonwealth v. Wilkerson, 486 Mass. 159 (2020). There, pursuant to statutory authority, the Commonwealth sought forty-eight hours of cell site location information (CSLI) for a murder defendant's cell phone. Id. at 160, 164. The prosecutor received data for a thirty-four hour period. Id. at 164. On the defendant's motion, a judge suppressed all but the three hours of the CSLI surrounding the time of the shooting. Id. On appeal, the defendant argued that "if there was not probable cause to search the entire thirty-four hours of CSLI data, it was error for the judge to allow introduction of the three-hour period surrounding the shooting." Id. at 166.

6

In rejecting this argument, the court first acknowledged that "where a warrant so lacks particularity or is so overbroad that it begins to resemble a general warrant, total suppression is required." Wilkerson, 486 Mass. at 169. The court held, however, that "[t]he forty-eight hours requested, and the thirty-four hours obtained here, [were] not so overbroad on the facts of this case so as to be akin to a general warrant," id.; that the three hours of CSLI were severable from the remainder, id.; and that there was probable cause for the three-hour period, id. at 172. Suppression of the three hours of CSLI was therefore not required. Id.

On the other hand, a warrant was held to be an unconstitutional general warrant where, in the absence of the supporting affidavit, it effectively granted "authorization to search for stolen handguns, jewelry and coins, without any further description governing the scope of the search." Commonwealth v. Rutkowski, 406 Mass. 673, 675 (1990). The Rutkowski court explained that "[t]o describe general items like guns and jewelry as 'stolen' adds nothing instructive to a description in a warrant. This case is not one in which the stolen items could not have been described in more detail. . . . [T]he generic reference in this case to items generally and lawfully available in our society . . . fails to meet the minimum standard of particularity." Id. at 676.

7

Against this backdrop, the defendant here does not argue, nor could we rule, that "no portion of the warrant is sufficiently particularized to pass constitutional muster" (citation omitted). Lett, 393 Mass. at 146. The warrant's specification of a camouflage jacket was constitutionally sufficient.[3] See E.B. Cypher, Criminal Practice and Procedure § 5:107 (4th ed. 2014) ("although the items must be described with particularity the courts are lenient in regard to clothing"). The defendant does not argue otherwise. That this portion of the warrant was sufficiently particularized saves the warrant from being a general warrant.

To be sure, the warrant's omission of the adjectives "small" and "metallic" resulted in its description of the firearm being less particularized than was possible based on the affidavit. Even so, the warrant as a whole, authorizing a search for a "firearm, ammunition, all items used for the storage and upkeep of said firearm, [and] a camouflage jacket," did not authorize any "general rummaging search of the defendant's apartment." Lett, 393 Mass. at 146. See Wilkerson, 486 Mass. at 169.

---

[3] Nor does the defendant argue that the warrant application did not establish probable cause to search for the jacket (or, for that matter, for a small metallic firearm). Although we need not and do not decide the point now, any such argument would seem to face a steep uphill battle.

We therefore conclude that it was error to suppress the items seized on the ground that the warrant here was a general warrant.  We decide only that issue.  Whether any part of the warrant was invalid -- for lack of particularity, lack of probable cause, or otherwise -- is a matter that the defendant may pursue through another motion to suppress.  Similarly, the Commonwealth remains free to argue that, if any portion of the warrant is ruled invalid, the items seized pursuant thereto nevertheless need not be suppressed, because they were seized while in plain view during an otherwise lawful search.  We express no views on those issues.

<u>Order allowing motion to suppress reversed</u>.

By the Court (Milkey, Blake & Sacks, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  November 2, 2023.

---

[4] The panelists are listed in order of seniority.